JUDGE LINDSAY
delivered the opinion oe the court.
Appellant, Louisa Schmitlieimer, was formerly the wife of Jacob Sehnell, now deceased. Luring the life of her said first husband she joined with him in conveying to appellee, Eiseman, a certain parcel of land in the city of Louisville, inherited by her from her father.
In conjunction with her present husband she. prosecutes this suit to have said conveyance set aside, and to compel appellee to restore to her the possession of the land. She claims that at the time of the execution of the conveyance she was an infant under th.<a.,age'’0f twenty-one years, and that she was induced to join in its execution by reason of the “threats, persuasion, and influence” of her first husband.
The allegation of infancy seems to be sustained by a preponderance of testimony; but it appears that before Eiseman could be induced to part with his money, or to accept the deed now sought to be vacated, Louisa and her then husband, for the purpose of satisfying him that she had attained her majority, made oath before a notary public that to the best of their knowledge and information she was then more than twenty-one years of age. Appellee, relying upon the truth *300 of the statement thus’ solemnly made, concluded the trade theretofore negotiated by making the agreed payments and accepting the title.
Appellants claim that because of the presence of the husband at the time the wife made this false statement, and deluded and misled appellee as to her true age, the law will regard her as acting under the coercion of her husband, and consequently innocent of all participation in the fraud then and there successfully practiced.
In the case of Davis v. Tingle, 8 B. Mon. 542, the wife in company with her husband stood by and permitted her slave to be sold without disclosing her ownership, and she was not allowed afterward to assert title against the innocent and bonafide purchaser who had been misled by her silence. This appellant was not merely silent when she should havé spoken, but she actively participated with her husband in the deception being practiced upon Eiseman; and the only ground upon which she now bases her right to the relief asked at the hands of the chancellor is, that what she swore to be true when she deceived and misled appellee was in point of fact false. There is nothing in the record which indicates that she acted either under the coercion or persuasion of her husband; but when her subsequent conduct is considered, we can not escape the conclusion that she -was a willing participant in all that he did.
Neither infancy nor coverture can excuse parties guilty of fraudulent concealment or misrepresentation, for neither infants nor femes covert are privileged to practice frauds upon innocent persons. (1 Story’s Equity, p. 385; 8 B. Mon. 543 ; 14 B. Mon. 513.)
In this case the conveyance of appellant is only voidable. The contract of sale is fully executed. Appellee asks only to be left in the undisturbed possession of property for which in good faith he paid a fair and full consideration. The chancellor could give no relief to appellant without making himself *301 a party to her iniquitous and fraudulent conduct, and we think he properly dismissed her petition.
Wherefore we affirm his judgment.