CASE 34—PROCEEDING BY THE COMMONWEALTH AGAINST WAYNE DAMRON, SR., TO RECOVER LAND PURCHASED BY PLAINTIFF AT EXECUTION SALE—MARCH 12.

## Damron v. Commonwealth.

APPEAL FROM BOYLE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

INFANTS—DISAFFIRMANCE OF DEED—ESTOPPEL.

Held: Where an infant conveyed land to his father to enable the father to become surety in a bail bond, and that fact was recited in the deed as the consideration therefor, the court having accepted the grantee as surety upon the faith of the grantor's testimony in open court that he was twenty-one years of age, the grantor was estopped, upon arriving at age, to disaffirm the deed; and one to whom he conveyed the land in his effort to do so is affected by that estoppel, so that he can not claim the land as against the Commonwealth, which purchased at a sale made to satisfy a judgment on the forfeited bond.

Damron v. Commonwealth.

JAS. ANDREW SCOTT,. ATTORNEY FOR APPELLANT.

Harrison Combs was under an indictment in the Boyd Circuit Court, and being admitted to bail offered John Combs, Sr., upon his bond. Upon examination it appeared that he was insolvent and in order to make him a solvent bondman, John Combs, Jr., conveyed to him a tract of land. It seems from the record that a forfeiture of the bond was had, and a judgment, on which an execution was issued and levied on said land, and it was sold as the land of John Combs, Sr., and purchased by the Commonwealth. Thereafter the Commonwealth's attorney gave notice for possession of the land, which was served on John Combs, Jr., John Combs, Sr., and Wayne Damron.

Damron appeared and filed his answer to the notice claiming that he had purchased the land from John Combs, Jr., after he had become of age and exhibited his deed, therefor, and set up the fact that when the deed was made to John Combs, Sr., by John Combs, Jr., the latter was an infant under 21 years of age. Upon hearing, the court dismissed the answer and counterclaim of Damron, and ordered a writ of possession to issue to the Commonwealth, and from this order Damron appeals.

### ERRORS.

We claim that the failure of the Commonwealth to file the bond, which it is claimed was forfeited, the order of forfeiture, and the deed of John Combs, Sr., were errors fatal to this proceeding.

It will not be denied, for the purposes of this appeal, that at the time of the first conveyance, John Combs, Jr., was not, in fact, under twenty-one years of age. If he had been there would have been no necessity for his conveyance to his father, as he could have gone upon the bond himself. The Commonwealth clearly attempted to estop him by proving that he stated his age to be twenty-one years. And it tries now to estop him by showing fraud upon his part which it will be seen can not be done according to the authorities hereinafter cited. If he lacks the power to convey by reason of non-age, he also lacked the power to commit a fraud in attempting to convey.

### ESTOPPEL.

1. Upon arriving at full age an infant is not estopped by any thing he may have done or said, or received, to convey his property by deed.
2. That a conveyance by deed after arriving at his majority is, *ipso facto*, a disaffirmance of. a conveyance of the same property made during infancy.

## AUTHORITIES CITED.

Tyler on Infancy, pp. 43, 60, 73, 75; Pilcher v. Laycock, 7 Ind.
R., 398; Patterson v. Laik, 24 Miss., 3 Jones R., 541; Chapin v.
Scheafer, 49 N. Y., 407; Medberry v. Watvous, 71 Hill, 117; State
v. Plasted, 43 N. Y., 413; Cusinger v. Welch, 15 Ohio, 193; Kin-
ner v. Maxwell, 6 N. C., 45; Tucker v. Moreland, 10 Peters, 71.
On Estoppel Gillespie v. Nabors, 59 Ala., 449; Weland v. Pobrick,
110 Ill., 16; 51 Am. Rep., 676; Buchanan v. Hubber, 96 Ind., 1;
Baker v. Stone, 136 Mass., 405; Conrad v. Lare, 26 Minn., 389;
11 Cush., 40; 54 N. Y., 249; 38 Vt., 311; 10 N. L., 184; 34 Am.
Dec., 146; 26 Minn., 389; 37 Am. Rep., 412; 5 Sands, 212; Ken-
tucky Decisions, Vallandingham v. Johnson, 85 Ky., 288; Sewal v.
Sewal, 92 Ky., 500; Moore v. Baker, 92 Ky., 518.

MORRISON BRECKINRIDGE, AND ROBT. J.   BRECKINRIDGE,
ATTORNEY-GENERAL FOR COMMONWEALTH.

There is a conflict in the testimony as to the age of John
Combs, Jr., where he made the deed to John Combs, Sr. He
swore when he made the deed that he was twenty-one, and
swears now that he was not twenty-one at that time. There is
also some doubt of the genuineness of the sale to Damron. The
land was worth $600, and the consideration is named at $75, paid
in second-hand watches.

It seems to me that this case is tainted with fraud and per-
jury, and John Combs, Jr., should be in the penitentiary, and
this judgment affirmed.

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER.

One Harrison Combs was indicted in the Boyd Circuit
Court, and permitted to give bond in the sum of $550. The
title to the property here in question was in John Combs,
Jr. He desired to become surety for his brother Harri-
son, but the court would not accept him for reasons not
necessary here to state. To make John Combs, Sr., a good
bondsman, he conveyed to him the property, reciting in
the deed the purposes for which it was conveyed to him.
The Circuit Judge would not accept John Combs, Sr., as
surety unless there was stated in the deed the purpose for
which John Combs, Jr., conveyed him the property. This

deed was duly recorded. The bond was forfeited, and the Commonwealth had an execution levied upon the property, had it sold, and instituted this proceeding to recover the possession of it. It appears from the testimony in the case that John Combs, Jr., was about twenty years of age, when he made the deed, and upon arrival at age, for the recited consideration of $75 (although the property was worth over $500), he conveyed it to the appellant, Wayne Damron, Sr. It is insisted here that John Combs, Jr., being a minor at the time he made the deed, could disaffirm the contract, and that the deed to Damron amounted to a disaffirmance of it. That a minor can usually disaffirm contracts which he makes on arriving at twenty-one years of age is not a debatable question, because his right to do so is generally recognized. It is equally certain that the deed to Damron, if he had the right to disaffirm under the facts of this case, would amount to it. The right of a minor to generally disaffirm a contract is not involved here, but the question is, under the facts of this case, was he estopped to do so? Before the Circuit Court would consider the question of allowing John Combs, Jr., to convey the property to John Combs, Sr., with a view of making him a good bondsman, he was required to testify as to his age, and in open court testified that he was over twenty-one years of age. If this court held that he should be permitted to disaffirm his contract, then it would allow him to perpetrate a fraud upon John Combs, Sr., and the Commonwealth. That an infant must restore the property which he obtains in a contract before he can avoid it is the universal rule where he has been guilty of deceit or fraud. Petty v. Roberts, 7 Bush., 411. Here the infant received no property, and, of course, has none to restore. The only thing that he

could have done in compliance with his contract would have been to pay the forfeited bond. In Schmitheimer v. Eiseman, 7 Bush., 298, it appeared the deed was made by an infant *feme covert*. She sought to avoid it on the ground of her infancy. The facts appeared to be that, in order to induce the purchaser of her property to accept a deed, and pay for it, she made an oath before a notary public that to the best of her knowledge and information she was more than twenty-one years of age. The court held that she was not entitled to recover the property, and said: "Neither infancy nor coverture can excuse parties guilty of fraudulent concealment or misrepresentation, for neither infants nor *femes covert* are privileged to practice frauds upon innocent persons." We are aware that in some jurisdictions the contrary view is taken, but we believe in most jurisdictions the rule is announced as in the case above cited. However, it is unnecessary to review the opinions of the courts of other States on this question, as we will follow the rule of this court. We would not hold in all cases that, if an infant testified that he was twenty-one years of age, the party who dealt with him by reason of that fact would be protected. It might be so manifest that an infant was not twenty-one years of age that the party could not claim to have been deceived by his statement; hence no fraud would have been practiced upon him. Damron is in no better condition to question the validity of the deed than his vendor. As we have said, the deed recited the consideration for the conveyance; hence he had notice of the terms of the contract between the parties. When Combs attempted to disaffirm the contract, Damron took the risk of his right to do so. The judgment is affirmed.