prevailing rate at the time of the agreement. The evidence was clearly sufficient, if believed by the jury, to warrant the conclusion that the contract was made and broken, and, in the absence of all evidence to the contrary, the court could not lawfully set the verdict aside on the ground assigned.

The order must be reversed, and the verdict reinstated.

Order setting aside verdict reversed, with costs, and verdict reinstated. All concur, except JENKS, J., not voting.

---

(107 App. Div. 354.)

### GERMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

1. APPEAL—RECORD.

> Where there is no certificate in the record that it contains all the evidence, the court on appeal cannot review the facts, but is limited to the consideration of appellant's exceptions.
>
> [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 2916.]

2. SAME.

> A certificate in the record that it contains all the evidence is not essential to present for review on appeal exceptions to the refusal to dismiss the action at the close of plaintiff's evidence because it fails to make out a case, and to the refusal to direct a verdict for defendant.
>
> [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 2917.]

3. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—QUESTION FOR JURY.

> Evidence in an action against a street railway company for injuries received by a passenger by reason of an explosion in the controller box of a passing car examined, and *held* sufficient to require the submission of the question of the company's negligence to the jury.
>
> [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1315–1325.]

4. SAME—PROOF OF CAUSE OF INJURY AS PROOF OF NEGLIGENCE.

> Proof of injury to a passenger on a street car by reason of an explosion in the controller box of a passing car is proof, in the absence of explanation by the company, that the accident arose from its want of care, when it was shown that such an explosion indicated a cause not usual in the ordinary operation of street cars.
>
> [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1283, 1290.]

Appeal from Trial Term, Kings County.

Action by Tillie German, an infant, by Julia Rothman, her guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.
John M. Ward, for respondent.

RICH, J. This is an appeal from a judgment in favor of the plaintiff, and from an order denying defendant's motion for a new

trial. There is no certificate or statement in this record that contains all the evidence. We cannot, therefore, review the facts, but are limited to the consideration of the defendant's exceptions.

At the close of the plaintiff's case the defendant moved for the dismissal of the complaint, on the ground that the plaintiff had failed to make out a cause of action. The motion was denied, and an exception taken. At the close of the evidence the defendant renewed the motion, and asked for the direction of a verdict upon the ground "that the plaintiff had not made out a case." This motion was also denied, and an exception taken. These exceptions raise the question of the correctness of these rulings, and a certificate is not necessary to obtain a review of that question. Halpin v. Phenix Ins. Co., 118 N. Y. 165, 23 N. E. 482; Rosenstein v. Fox, 150 N. Y. 354, 44 N. E. 1027.

The action was brought to recover damages for a personal injury, alleged to have been sustained by the plaintiff in consequence of the negligence of the defendant and its servants in the care and operation of one of its street cars. When the plaintiff ·rested, evidence had been given showing that in the early morning of August 11, 1904, she was a passenger on one of defendant's Graham Avenue open cars, which was crowded; all seats being occupied and many persons standing between the seats and upon the running boards of the car. Plaintiff occupied a portion of the first double seat at the front of the car, riding with her back toward the motorman. This car turned into Flushing avenue, going west, and, as it approached Kent avenue, met another of defendant's cars,· passing east, on a parallel track. As the cars came opposite, or nearly opposite, each other at Kent avenue, the forward controller on the east-bound car suddenly exploded—smoke and flames enveloping the motorman—lasting until the car had been brought to a stop, and a pedestrian had pulled the trolley wheel from the overhead wire. The passengers on the west-bound car, at the sound of the explosion and sight of the flames, made a rush to get off, in which the plaintiff was pushed off the car, falling upon the street, and a number of persons fell upon her, causing the injury complained of. Her description of what occurred is as follows:

"We were riding down a long while, and then I heard a loud report, a loud noise; and I got up to see what it was, and I turned—I just turned around—and I seen flames. I didn't know what it was, so I made an attempt to go off, because all the other people were trying to get off, and I was pushed off. The noise seemed to come from in back of the car—I mean in back of me; that is, in the front of the car from where I was in the back. I was sitting on the first seat inside of the car that faced backwards. * * * When I looked from the car out, more particularly, I seen those flames, and I didn't know what it was. They were quite high flames. They were shooting up in the air, and then towards our car afterwards. There was a very loud noise from the explosion. It was like a cannon, it was so loud. * * * I just got up, and I turned around—turned my head around—to see what it was, and the people, in moving themselves, moved me so as to put me off, without my doing anything myself about getting off. They were all moving."

The plaintiff's evidence was corroborated by several witnesses who were passengers on the car, and persons who were in the vicinity of the accident, from whose evidence it also appeared that

from 7 to 10 other passengers were pushed from the car and fell in the street, and that a number of persons fell on the plaintiff; that the flames enveloped the motorman and front of the east-bound car, extending to its roof, so as to hide him from view; and that the explosion was in the forward controller box, from which the flames came. Evidence was also given tending to show that the plaintiff received injuries more or less severe in their nature.

It was clearly established by the evidence that the explosion occurred in the controller box of the east-bound car, which was a portion of defendant's own equipment, over which it had exclusive control; that it was an usual occurrence, indicating an extraordinary condition and presence of causes not usual in the ordinary operation of a car. It brought the case within the rule that where the thing which causes the accident is exclusively controlled or managed by the defendant, and the accident is such as in the ordinary course of things does not happen if those who have such control and management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. This was all that was necessary to warrant the submission of the case to the jury, as the question of plaintiff's contributory negligence was one of fact for their determination, and the denial by the learned trial justice of defendant's motion to dismiss the complaint was clearly right. The exception to the ruling presents no error.

The plaintiff's case, so far as establishing negligence on the part of the defendant was concerned, was materially strengthened by the evidence of defendant's witnesses. Not only was there an entire omission to give any explanation of the cause of the explosion, consistent with the absence of negligence on its part, but the evidence of its employés was such as to justify the jury in finding that there was negligence on the part of O'Keefe in inspecting the controllers on the car in question, which resulted in the accumulation of dirt and dust in the controller box, causing or contributing to the explosion, and that its direct and primary cause was the negligence of the motorman in the operation of the car.

The case was submitted to the jury in a charge free from error, and there is sufficient evidence to sustain the finding of the jury.

The judgment and order must therefore be affirmed, with costs. All concur.