## Asher v. Bennett, et al.

(Decided April 28, 1911.)

## Appeal from Knox Circuit Court.

1.  Deed—Infancy of Grantor—Misrepresentation.—An infant repre-
    senting himself to be of age, and thus inducing a third person
    to buy his land and accept a deed for it, is estopped to rely upon
    his infancy when the grantee in the deed had no notice of his be-
    ing an infant and was in fact misled by his assertions

2.  Judgment—Question of Fact—Belief of Chancellor.—The judg-
    ment of the chancellor on a question of fact will not be disturbed
    because he believed the witnesses for appellee rather than the
    witnesses for appellant.

METCALF & JEFFRIES and EDELEN & DAVIS for appellant.
F. D. SAMPSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

On July 23, 1903, Jefferson Taylor executed a deed
by which he conveyed to Samuel Bennett and F. D. Samp-
son all the mineral lying under a tract of land owned by
him; on September 1, 1903, his sister, Susan Messer, exe-
cuted to them a similar deed. These deeds were duly put
to record. On January 7, 1907, Jefferson Taylor exe-
cuted two deeds to Charles Butler and Matt Mills and
wife, who, on March 6, 1906, conveyed the property to A.
J. Asher. On December 3, 1908, Susan Messer executed
two deeds to A. J. Asher. These deeds covered the same
property which Jefferson Taylor and Susan Messer had
previously conveyed to Bennett and Sampson. Asher
brought this suit against them to quiet his title to the
property, on the ground that Jefferson Taylor and Susan
Messer were not of age when the deeds to them were exe-
cuted in July, 1903 and that the title to the property had
passed to him under the deeds executed by them in 1907
and 1908, after they had become of age. Issue was joined
upon the petition. On final hearing the circuit court dis-
missed Asher's petition, and he appeals.

The circuit court found as a fact that both Jefferson
Taylor and Susan Messer were of age in July, 1903, when
they executed the first deeds. He also found under the
evidence that Bennett and Sampson had bought the prop-

erty in good faith and paid for it, relying upon their representations that they were of age, and that Asher's title was taken with full notice of all the facts. The proof shows that the father of Jefferson Taylor and Susan Messer had a number of children, among whom his land had been divided, and that Bennett and Sampson, in 1903, were buying from the different children their interest in the mineral in the land. The proof is clear that Susan Messer and Jefferson Taylor, who were then both married, represented to Bennett and Sampson that they were of age, and their mother, who was also present, said the same thing. When sworn as witnesses in this case they still assert that they were then of age and admit making the representations referred to. Susan Messer is older than Jefferson. She had been married several years and had children. Jefferson had considerable beard, stated that he had voted at the preceding election and also that he had been assessed for poll tax, and produced the sheriff's receipt for the taxes. Sampson, being desirous of having no question about it, had them both to make an affidavit that they were of age, which they did, and he then paid them the money and took the deed. Both Sampson and Bennett denied having any information that either of them was not of age, or that anything had been said to them to cause them to doubt what Jefferson Taylor or Susan Messer said. On the other hand, several of their brothers and sisters testified that Sampson had been told by some of them that these two of the children were not of age, and this testimony is confirmed by other witnesses who were present. In addition to this, Asher shows that in 1898 a guardian was appointed for Jefferson Taylor, and that the order of the county court appointing the guardian recites that he was then an infant under fourteen years of age. He also produced copies of the school census for 1897 and 1903, showing that Jefferson was twelve years old in 1897, and eighteen years old in 1903, when the deed was made. There is also a witness or two who testified to knowing their age from the age of his children, that Susan was about two years older than Jefferson, or twenty years old when the deed was made.

In Schmitheimer and Wife v. Eiseman, 70 Ky., 298; Damron v. Commonwealth, 110 Ky., 268; Ingram v. Ison, 26 R., 48; Pace v. Cawood, 100 S. W., 414, Asher v. Sack-

ett, 111 S. W., 833; Edgar v. Gertison, 112 S. W., 831, it was held, that where an infant had conveyed land for a reasonable price, representing at the time that he was of age, and had thus induced the grantee to part with the consideration, the trade being fairly made, and the grantee having no notice that the grantor was under age, the infant was bound by the deed. It is insisted here, however, that the grantees had notice that Jefferson Taylor and his sister were under age, and that the rule referred to does not for that reason apply. The rule is simply an application of the equitable doctrine that he who misleads another by his solemn assertion of a fact will not be allowed to assert the contrary to the prejudice of the person whom he has thus misled, and so perpetrate a fraud upon him. It will not be applied where the grantee knows that the grantor is an infant, or where, from his appearance, situation, or other circumstances, as a reasonably prudent man, he should know it. It will only be applied when necessary to protect the grantee from what would otherwise be a fraud.

Here there was nothing in the appearance of Jefferson Taylor or his sister to suggest that they were not of age. They were both married, and their mother, who was present, asserted that they were of age. They not only so asserted, but swore that they were of age. The numerical weight of the evidence is with Asher on the question that Sampson and Bennett had been told that they were not of age. But the circuit judge, who recites in his judgment that he knew the witnesses and the parties, found otherwise, and, on the whole record, we are unwilling to disturb his finding of fact. Aside from the school census there is little in the evidence to show definitely how old these people were, and it does not appear who furnished the information upon which that was based, nor upon what evidence the county court acted in appointing the guardian. There seems to be no record of their birth.

As Asher bought with notice of all the facts, he has no higher equity than they, and as they solemnly asserted that they were of age and thus got the money paid them by Bennett and Sampson, we do not feel justified in disturbing the conveyance they then made after so many years, when, by the rise in values, the property has become more in demand, and so a temptation is held out to set aside the trade that was then fairly made. We give

considerable weight to the finding of the circuit court, and, on the whole record, we conclude that we ought not to disturb his finding simply because he believed the witnesses of appellee rather than the witnesses for appellant.

It is true that the rule followed in the cases above referred to does not obtain usually in other jurisdictions, but under the principle of stare decisis, we can not depart from it. It is a rule of property, and great confusion would result and much hardship if rules of this sort were departed from; for persons conduct their business on the faith of the rules of property which have thus been declared.

Judgment affirmed.