## Young, et al., By, etc. v. Daniel, et al.

(Decided November 16, 1923.)

### Appeal from Bourbon Circuit Court.

1. Infants—May Not Avoid Contract where Other Party Misled as to Age.—A fraudulent misrepresentation or concealment as to age, which has misled the other party, will thereafter estop an infant from avoiding a contract.

2. Infants—Conduct Amounting to Misrepresentation of age Estopped Infant from Avoiding Contract.—Where activity of infant in negotiating contract and accepting benefits of it, with his appear-

ance and surroundings, induced the other party to believe he was 21 years of age and to enter into a contract with him, the infant is estopped from avoiding the contract, though he made no specific statement to the effect that he was 21 years of age.

3.  Infants—Burden on Person Contracting with Infant to Show Fraudulent Concealment of Age.—In an action by infants to avoid and rescind a contract, the burden was on defendants to show a fraudulent concealment as to age inducing them to make the contract.

4.  Infants—Evidence Held to Show Fraudulent Concealment of Age in Action to Avoid Contract.—In an action by infants to avoid a contract, evidence held to show that plaintiff's knew they could not enter into a legal contract and that they endeavored to and did deceive defendants as to their age, except for which defendants would not have made the contract.

5.  Infants—Unprofitableness of Contract Not Considered where Infants Estopped to Avoid it.—In an action by infants to avoid a contract, where the court found that the plaintiffs were estopped to avoid the contract by reason of fraudulent concealment as to age, it is immaterial that it will be a hardship on plaintiffs to burden them with the obligation of an unprofitable contract.

6.  Infants—Must Restore or Offer to Restore Property Received Under Contract in Action to Annul.—An infant, when it is in his power to do so, must restore or offer to restore the property he has received under an executed contract before he can have the contract annulled on the ground of infancy.

GEORGE W. VAUGHN for appellants.

TALBOTT & WHITLEY and VIRGIL CHAPMAN for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellants filed this suit in the Bourbon circuit court, seeking the rescission of a contract whereby they had purchased from appellees a lease on a coal mine with the equipment thereat for $2,000.00. The ground for the relief asked was that appellants were infants at the time the contract was made. Before trial they became of age and filed amended petitions adopting the averments of the original petition and asking judgment against appellees for the $2,000.00 paid under the contract.

Appellees denied that appellants were infants at the time the contract was made, and also pleaded fraudulent misrepresentation and concealment by appellants of their ages, inducing appellees to believe they were twenty-one years old and to enter into the contract; and, further, that appellants entered into the contract to evade military service under the pretense of being engaged in an essential occupation. From a judgment sustaining the

first of these affirmative pleas this appeal has been prosecuted.

It was not proven that appellants made any express representation to appellees as to their ages nor, indeed, that appellees made any inquiry in respect to that subject. But it was shown that appellants had the appearance of being more than twenty-one years of age at the time the contract was made, that they had theretofore been engaged in purchasing coal in that community for a concern located in Louisville, and that one of them represented to appellees that he had been engaged in the coal business with his father and knew the business, and the other represented that he had been in business for himself for some time. It also appears that they examined the mine carefully, made certain conditions upon which they would purchase it, and acted in every respect as if they were men of experience in business and understood what they were doing. In addition to this there is evidence to the effect that, when it was suggested to them that the attorney who was preparing the contract was a candidate for office and would like to have their votes, neither of them indicated that he was a minor or not old enough to vote. It was further shown that they operated the mine until the latter part of 1918 and received the profits from it, but did not pay any royalties, as they were required to do under the contract, and before they abandoned the mine had destroyed, lost or disposed of the greater part of the equipment. On this state of facts the trial court held that they were estopped to maintain an action for a rescission of the contract.

It is the general rule that a minor who makes a contract may disaffirm it on arriving at the age of twenty-one. He certainly may do so, as has been uniformly decided, if the other contracting party knew of his minority at the time the contract was made. In some jurisdictions it is held that the infant's false statements as to his age made at the time of entering into the contract, upon which the other party relied, will not defeat his right to avoid the contract when he arrives of age. But in this state it is the rule that a fraudulent misrepresentation or concealment of age which has misled the other party will thereafter estop the infant from avoiding the contract, for, as said in Schmitheimer v. Eiseman, 7 Bush 298, "Neither infancy nor coverture can excuse parties guilty of fraudulent concealment or misrepresentation,

for neither infants nor femes covert are privileged to practice frauds upon innocent persons."

It seems to be conceded by counsel for appellants that if there had been an actual representation by appellants that they were twenty-one years of age, upon which appellees relied, this action could not be maintained. They contend, however, that no such representation was made, and in view of that fact estoppel cannot be invoked. It is true that in most of the cases in which the doctrine has been sustained as against an infant the record disclosed a specific statement of the infant to the effect that he was twenty-one years of age, as in Asher v. Bennett, etc., 143 Ky. 361. But in The County Board of Education v. Hensley, 147 Ky. 441, after reviewing the earlier decisions of this court it was said: "When one deals with an infant, knowing him to be an infant, the latter is not estopped from relying upon his infancy in avoidance of the contract; but when an infant by reason of his personal appearance, family surroundings, and business activities, coupled with a misrepresentation or fraudulent concealment, leads one who deals with him, in good faith, and not knowing that he is an infant, to believe that he is of age, he will be estopped from maintaining an action to avoid his executed contract. When he comes into equity seeking relief, he must come with clean hands. The privilege of infancy is a shield for the protection of the infant, and not a weapon of attack; nor is it to be used as a means of defrauding others."

Thus it is that personal appearance, family surroundings and business activities, coupled with a misrepresentation or fraudulent concealment by the infant leading one who deals with him in good faith and not knowing of his infancy to believe he is of age, will estop him from thereafter maintaining an action to avoid an executed contract. The fraudulent concealment of a fact for the purpose of deceiving and misleading is the equivalent of a misrepresentation, and it was so ruled in Smith v. Cole, etc., 148 Ky. 138, where the infant made no statement as to his age, but where his activity in negotiating the contract and his accepting the benefits of it, with his appearance and his family surroundings, induced the other party to believe that he was twenty-one years of age and to enter into the contract.

But it is said the burden was on appellees to show a fraudulent concealment inducing them to make the contract, which the evidence fails to do. With this state-

ment of law we agree, but we cannot adopt counsel's view of its application to the facts. It is true that appellants testified that they did not, at the time they entered into the contract, know it was necessary for them to be twenty-one years of age in order to make a valid contract, and they did not fail to divulge their ages for the purpose of deceiving or misleading appellants. This evidence is to be considered in determining whether the concealment was fraudulent, but it must be considered in conjunction with the circumstances under which the contract was made and the degree of intelligence exhibited in appellants' testimony. One cannot read their testimony, given in an unusually intelligent manner, and escape the conclusion that when the contract was made they were not ignorant of the commonly understood rule that a minor cannot enter into a valid and binding contract. Hence we think the evidence as a whole shows that they then knew they could not enter into a legal contract, and, further, that they endeavored to and did deceive appellees as to their ages, except for which appellees would not have made the contract.

Nor are we impressed with the suggestion that it will be a hardship on appellants to burden them with the obligations of an unprofitable contract. The question for decision cannot be examined from that point of view. It is one of law and fact. Besides, if profits and loss are to be considered, appellants' claim is still without merit, for the evidence does not show that the contract was unprofitable, but tends to show that appellants received a considerable sum of money from the operation of the mine and paid none of the royalties while they had possession of it. It also shows that they abandoned the mine the latter part of the year 1918, and when appellees took it over much of the equipment that had been turned over to appellants had disappeared. Here again appellants are estopped from maintaining an action to annul the contract, for they have not accounted for the benefits they received under it, and it is a rule of uniform application that an infant when it is in his power to do so must restore or offer to restore the property he has received under an executed contract before he can have the contract annulled on the ground of his infancy.

In view of the conclusion stated, it is not necessary to consider whether appellants purchased the lease to evade military service. It may be said, however, that

there is no evidence to sustain this contention, and that reliance thereon is seemingly based on the circumstances of the times. It suffices that appellants' conduct in the negotiations for the property estops them from maintaining an action for a cancellation of the contract.

Judgment is affirmed.