## Pinnacle Motor Company v. Daugherty.

(Decided November 22, 1929.)

JAMES H. JEFFRIES and E. L. MORGAN for appellant.

B. M. LEE and JOSEPH B. SNYDER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On March 21, 1928, the appellee, W. M. Daugherty, purchased from the Pinnacle Motor Company an automobile at the agreed price of $925. Daugherty at the time owned a Chevrolet sedan which was taken in by the Pinnacle Motor Company for the sum of $375, leaving due a balance of $550, which was to be paid in monthly installments of $50 each. These payments were represented by notes signed by Daugherty and payable to the General Motors Acceptance Corporation. The car purchased by Daugherty was a Pontiac sedan, and soon after it was delivered to him, it was partially wrecked in a collision with a railroad train. Daugherty paid three of the monthly installments, but failed to pay the installments due in July and August, 1928, and the Pinnacle Motor Company took possession of the automobile.

On September 17, 1928, W. M. Daugherty, suing by his father and next friend, John Daugherty, sought to recover the value of the Chevrolet sedan, alleged to be $500, and the further sum of $150, paid under the contract, on the ground that W. M. Daugherty was an infant at the time the transaction occurred. The Pinnacle Motor Company moved the court to transfer the case to the equity docket, and filed its answer, in which it averred that, at the time the transaction between plaintiff and defendant took place, the plaintiff appeared to be 21 years of age; and that, as an inducement to the defendant to sell and deliver to him the Pontiac sedan, the plaintiff represented that he was of the age of 21 years and signed a paper, designated purchaser's statement, in which he stated and represented that his name was W. M. Daugherty, and that he was 21 years of age. It further averred that it was induced to deliver to the plaintiff the Pontiac sedan and to accept the Chevrolet sedan and the notes executed by plaintiff by reason of the representation as to his age made by him in the written purchaser's statement.

In his reply plaintiff denied that he represented that he was 21 years of age, and averred that the figures "21"

were fraudulently placed on the writing by the defendant or its agent after the writing had been signed by him and with full knowledge that plaintiff was then under 21 years of age. After the issues were completed the court overruled defendant's motion to transfer the case to the equity docket, and upon a trial before a jury, a verdict was returned in favor of the plaintiff for $525, and, from the judgment thereon defendant has appealed.

The action in substance was one to disaffirm a contract on the ground of infancy, and the defendant relied upon the alleged misrepresentations of the plaintiff as to his age as an estoppel. The case is not essentially one of equitable cognizance, and the trial court did not err in overruling defendant's motion to transfer it to the equity docket. This is neither a suit to rescind a written contract nor to reform it on the ground of fraud or mistake. The defendant in its answer alleged that plaintiff had represented that he was 21 years of age and was therefore estopped from disaffirming the contract on the ground of infancy. The purchaser's statement signed by plaintiff was merely evidence that he had made such a representation.

There is no dispute as to plaintiff's age at the time he purchased the automobile. He was then less than 20 years of age. However, there is considerable conflict in the evidence as to the representations made by him with reference to his age. Plaintiff testified that he informed defendant's agent at the time he purchased the automobile that he was 19 years of age. He is corroborated by his brother who claimed he was present when the trade was made. The purchaser's statement introduced by defendant is a printed form with blank spaces provided for the name of the purchaser, his age, address, occupation, and other items of information. A typewriter was used to write the words and figures appearing in these spaces. The figures "21" appear in the space provided for the purchaser's age. Plaintiff testified that no typewriter was used while he was present, and that the figures "21" were not on the statement when it was signed. Defendant's agent, who negotiated the trade, denied that plaintiff said he was 19 years of age. He also testified that the blank spaces were filled out in his office on a typewriter and in the presence of the plaintiff. The evidence as to the representations made by plaintiff is conflicting, and the question was one for the jury. Neither plaintiff nor his father appears

in an enviable light in this record. The plaintiff had owned and operated an automobile for 18 months before this transaction occurred, and had worked in the mines for a number of years and collected his wages. A reading of the record leaves the impression that, but for the accident in which the Pontiac sedan was partially wrecked, this suit to disaffirm the contract on the ground of infancy never would have been filed. However, persons who deal with infants do so at their peril. In most jurisdictions it is held that an infant is not estopped by his false representations from using his infancy as a shield against the contracts induced by his fraud, but in this state a more liberal rule has been adopted, and where an infant, by reason of his personal appearance, family surroundings, and business activities, coupled with a false representation that he is of age, induces the other party to make the contract, he will be estopped from maintaining an action to disaffirm his executed contract. Damron v. Commonwealth, 110 Ky. 268, 61 S. W. 459, 22 Ky. Law Rep. 1717, 96 Am. St. Rep. 453; Asher v. Bennett, 143 Ky. 361, 136 S. W. 879; County Board of Education v. Hensley, 147 Ky. 441, 144 S. W. 63, 42 L. R. A. (N. S.) 643; Looney v. Elkhorn Land & Improvement Co., 195 Ky. 198, 242 S. W. 27; Young v. Daniel, 201 Ky. 65, 255 S. W. 854.

Whether or not the plaintiff represented to defendant's agent that he was 21 years of age was the principal question in issue in this case. The evidence on this point was conflicting. The jury found that no such representation was made, and it cannot be said the verdict is flagrantly against the evidence.

The court, in substance, instructed the jury that they should find for the plaintiff unless they believed from the evidence that plaintiff at the time he made the contract with the defendant represented himself to be 21 years of age, and from his appearance the defendant believed, and had a right to believe, that he was 21 years of age.

It is argued that the form in which this instruction was given fixed the burden on the defendant, and that the trial court erred in overruling a motion to give the defendant the closing argument to the jury. Section 317, subsection 6 of the Civil Code of Practice, provides that in the argument the party having the burden of proof shall have the conclusion, and the adverse party the opening; and section 526 of the Civil Code of Practice provides that "the burden of proof in the whole action lies

on the party who would be defeated if no evidence were given on either side." Here the plaintiff would have been defeated if no evidence had been offered. The general rule is that when a party relies upon a disability such as infancy, the burden is upon him to establish it. Murrell's Adm'r v. McAllister, 79 Ky. 311, 2 Ky. Law Rep. 323. The form of the instruction did not alter the rule.

The judgment is affirmed.