Irving Sternlieb, Respondent, *v.* Normandie National Securities Corporation, Appellant.

(Submitted December 7, 1933; decided January 9, 1934.)

*Aaron H. Marx* and *Frank L. Miller* for appellant. An infant, liable for his torts, is estopped from disaffirming a contract resulting from his fraud. (*Falk* v. *MacMasters*, 197 App. Div. 357; *Chasser* v. *Hutton*, 139 Misc. Rep. 623; *Shenkein* v. *Fuhrman*, 80 Misc. Rep. 179;

*Wyatt* v. *Lortscher,* 217 App. Div. 224; *N. Y. Building & Loan Co.* v. *Fisher,* 23 App. Div. 363; *Fitts* v. *Hall,* 9 N. H. 441; *Lewis* v. *Van Cleve,* 302 Ill. 413; *Williamson* v. *Jones,* 43 W. Va. 562; *Whitington* v. *Right,* 9 Ga. 23; *Asher* v. *Bennett,* 143 Ky. 361; *LaRosa* v. *Nichols,* 92 N. J. L. 375; *Confederation* v. *Kinnear,* 23 Ont. App. 497.)

*Caruthers Ewing, amicus curiœ.* A court's refusal to hold an infant to his contractual obligations does not entitle one, apparently an adult, but not so in fact, to invoke judicial aid in the successful perpetration of a fraud on one with whom he has dealt. (*Rice* v. *Butler,* 160 N. Y. 578; *Falk* v. *MacMasters,* 197 App. Div. 357; *Chasser* v. *Hutton,* 139 Misc. Rep. 623; *Wisconsin Loan & Finance Corp.* v. *Goodnough,* 201 Wis. 101; *International Land Co.* v. *Marshall,* 98 Pac. Rep. 951.)

*Emanuel Redfield* and *Dalton Dwyer* for respondent. A misrepresentation by an infant that he is over age is not a good defense. (*Brown* v. *McCune,* 5 Sandf. 224; *Conroe* v. *Birdsall,* 1 Johns. 127; *Sims* v. *Everhardt,* 102 U. S. 300; *Myers* v. *Hurley Motor Co.,* 273 U. S. 18; *McCarthy* v. *McCluney,* 219 Ala. 211; *Tobin* v. *Spann,* 85 Ark. 556; *Lee* v. *Hibernia Sav. & Loan Assn.,* 177 Cal. 656; *Williams* v. *Shettler Co.,* 98 Cal. App. 282; *Creer* v. *Active Auto Exchange,* 99 Conn. 266; *Knudson* v. *General Motorcycle Sales Co.,* 230 Mass. 54; *Loan Assn.* v. *Black,* 119 N. C. 323; *Whitcomb* v. *Joslyn,* 51 Vt. 79.)

CRANE, J. Again we have the troublesome question arising from the repudiation by a young gentleman, just under twenty-one, of his contract of purchase. On the 21st day of September, 1929, the plaintiff purchased from the defendant five shares of the capital stock of the Bank of United States and of the Bankus Corporation, for which he paid $990. In his complaint he alleges that he was under twenty-one years of age. After the stock had dropped in value until it was worthless, this young plaintiff further alleges that on the 14th day of

September, 1932, he notified the defendant that he rescinded his purchase, and that he was ready to tender and return the certificates.

In its answer the defendant as a defense alleges that the plaintiff falsely and fraudulently represented and warranted to the defendant before and at the time of purchase he was over twenty-one years of age, and that the defendant relied upon these statements in parting with the stock.

The action was brought in the Municipal Court of the City of New York. The plaintiff moved to strike out the defense. The motion was denied, and affirmed, on appeal, by the Appellate Term. The Appellate Division, however, reversed this action of the two lower courts and has certified to this court the following question: " Is the separate and distinct defense set forth in the answer herein sufficient in law?"

That young men, nearly twenty-one years of age, actively engaged in business, can at will revoke any or all of their business transactions and obligations, thereby causing loss to innocent parties dealing with them, upon the assumption or even the assurance that they were of age, has not appealed to some courts, and has been adopted without much enthusiasm by others. This State from the earliest days has followed the common-law doctrine, adopted at a time when young men were not so actively engaged in trade and in lucrative occupations as at present. The opportunities for making a living by barter and sale were not so numerous for them as now.

At common law a male infant attains his majority when he becomes twenty-one years of age, and all unexecuted contracts made by him before that date, except for necessaries, while not absolutely void, are voidable at his election. In an action upon a contract made by an infant he is not estopped from pleading his infancy by any representation as to his age made by him to induce another person to contract with him. (*Inter-*

*national Text Book Co.* v. *Connelly,* 206 N. Y. 188.) Neither could the infant be sued for damages in tort by reason of any false representations made in inducing or procuring the contract. For his torts generally, where they have no basis in any contract relation, an infant is liable, just as any other person would be, but the doctrine is equally well settled that a matter arising *ex contractu,* though infected with fraud, cannot be changed into a tort, in order to charge an infant, by a change of the remedy. (*Collins* v. *Gifford,* 203 N. Y. 465.) The only difference between an executory and an executed contract appears to be, that in the former the infant may disaffirm at any time short of the period of the Statute of Limitations, unless by some act he has ratified the contract, whereas in the latter, he must disaffirm within a reasonable time after becoming of age, or his silence will be considered a ratification.

This case pertains to an executed contract for the purchase of stock which the plaintiff has disaffirmed within a reasonable time. The distinction which the appellant would have us make between these well-established authorities and the present case is the fact that the infant is here the plaintiff seeking relief from the courts and should do equity before obtaining relief. That is, while as a defendant the courts will protect him from further liability on his contracts, they will not aid him in getting back money or property which will give him profit or gain through his fraudulent representations regarding his age. This was the view taken by the Appellate Division of the Second Department in *Falk* v. *MacMasters* (197 App. Div. 357).

This court, however, has not gone so far. The nearest approach to the point is *Rice* v. *Butler* (160 N. Y. 578). In that case the infant was a plaintiff seeking to recover installments paid upon a bicycle which he offered to return. The court recognized the right of the infant to rescind his bargain and get back his money, insisting,

however, that he must pay for the use of, or wear and tear on, the machine. The defendant was allowed to deduct this from the money paid by the infant.

The same principle was followed in *Myers* v. *Hurley Motor Co.* (273 U. S. 18), where it was held that a contract made by an infant, induced by his fraudulent representations of his age, may be disaffirmed by him and an action maintained to recover money paid under it. However, the infant must do equity and make restitution, not only of the profits and advantages which he has received, if possible, but also for the use or deterioration of property, if it is to be returned to the defendant. In that case, a young man, twenty years of age, represented that he was twenty-four, and contracted to buy a Hudson touring car, on which he had made certain installment payments. After becoming of age, he disaffirmed his contract and demanded the return of the money paid, offering to return the car. The Supreme Court held, while he was entitled to the relief asked, the defendant was also entitled to recoup out of the infant's money damages for deterioration of the car, or the value of its use. In *Rice* v. *Butler* (*supra*) there was no allegation or proof of false and fraudulent representations as to his age by the infant. In *Myers* v. *Hurley Motor Co.* (*supra*) the fraud was part of the defense. We do not see how the allegation of fraud justifies any distinction of principle. It is a mere element or feature of the case. The fundamental principle is the same, whether the infant be plaintiff or defendant. He may repudiate and rescind his contract upon becoming of age, whether he has made false representations regarding his years or not, and in any instance, the party with whom he had his dealings is entitled to recoup under certain circumstances.

That the false representation regarding age does not prevent rescission, even when the infant be the plaintiff, is the holding of the courts in the majority of our States. (*Creer* v. *Active Auto Exchange, Inc.*, 99 Conn. 266;

*Knudson* v. *General Motorcycle Sales Co.*, 230 Mass. 54; *Whitcomb* v. *Joslyn*, 51 Vt. 79; *McCarty-Greene Motor Co.* v. *McCluney*, 219 Ala. 211; *Steigerwalt* v. *Woodhead Co.*, 186 Minn. 558; *Arkansas Reo Motor Car Co.* v. *Goodlett*, 163 Ark. 35; *Carpenter* v. *Carpenter*, 45 Ind. 142.)

That the infant is not liable in tort for false representations of age inducing a contract, see *Slayton* v. *Barry* (175 Mass. 513); *Nash* v. *Jewett* (61 Vt. 501); *Monumental Building Assn.* v. *Herman* (33 Md. 128, 133); *Greensboro Morris Plan Co.* v. *Palmer* (185 N. C. 109); *Leslie, Ltd.,* v. *Sheill* ([1914] 3 K. B. 607).

Some of the State courts, however, have taken a different view, and find that fraudulent representations regarding age estop an infant from maintaining an action for relief. (*Pinnacle Motor Co.* v. *Daugherty*, 231 Ky. 626; *La Rosa* v. *Nichols*, 92 N. J. L. 375; *Tuck* v. *Payne*, 159 Tenn. 192.)

Like so many questions of policy, there is much to be said upon both sides, and the necessities of one period of time are not always those of another. The law, from time out of mind, has recognized that infants must be protected from their own folly and improvidence. It is not always flattering to our young men in college and in business, between the ages of eighteen and twenty-one, to refer to them as infants, and yet this is exactly what the law considers them in their mental capacities and abilities to protect themselves in ordinary transactions and business relationships. That many young people under twenty-one years of age are improvident and reckless is quite evident, but these defects in judgment are by no means confined to the young. There is another side to the question. As long as young men and women, under twenty-one years of age, having the semblance and appearance of adults, are forced to make a living and enter into business transactions, how are the persons dealing with them to be protected if the infant's word cannot be taken or recognized at law? Are business

men to deal with young people at their peril? Well, the law is as it is, and the duty of this court is to give force and effect to the decisions as we find them. Some States have met the situation by legislation. (Iowa Code, § 3190 [1897]; § 10494 [1927]; Kansas Rev. Stat. 38–103 [1923]; Compiled Laws of Utah, § 3957 [1917], Revised Stat. [1933] of Utah, 14–1–3; Compiled Stat. of Wash. § 5830 [1922], 7 Rem. Rev. Stat. of Washington [1933], § 5830.) Let us refer to the Iowa Code, as a fair example, taken from the case of *Friar* v. *Rae-Chandler Co.* (192 Iowa, 427, at p. 428):

" Sec. 3189. A minor is bound not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract, and remaining within his control at any time after his attaining his majority, except as otherwise provided.

" Sec. 3190. No contract can be thus disaffirmed in cases where, on account of the minor's own misrepresentations as to his majority, or from his having engaged in business as an adult, the other party had good reason to believe him capable of contracting."

We, therefore, conclude that the law of this State, in accordance with the trend of most of the authorities, is to the effect that the defense pleaded in the answer is insufficient and was properly stricken out by the Appellate Division.

The order should, therefore, be affirmed, with costs.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Order affirmed.