Orrin G. Judd, S.
This is an application to withdraw guardianship funds for the wedding expenses of the minor bride. Her funds are part of the proceeds of an action for the wrongful death of her father and constitute her initial lifetime capital. *39 Petitioner seeks over $3,000 for a wedding reception of more than 100 guests in an exclusive Manhattan hotel, and $1,000 for the purchase of furniture. The Clerk of this court is the joint custodian of the funds of this estate, subject to the order of the Surrogate, and every expenditure must have prior approval by the Surrogate. His authority to direct application of the income and principal of an infant’s property must be restricted to “ the support and education of the infant.” (Surrogate’s Ct. Act, § 194.)
Wedding expenses, traditionally provided by the bride’s family, may reasonably be deemed part of an infant’s “ support ” when the personal resources of the surviving parent are inadequate. The expense to be borne by the minor must be restricted to a reasonable amount so as to leave a substantial portion of her capital for her future needs. Her consent to expenditures is neither conclusive nor persuasive. The marriage of a minor woman does not terminate the guardianship of her property (Domestic Relations Law, § 84), or deny her the right to disaffirm her contracts when she attains majority (International Text Book Co. v. Connelly, 206 N. Y. 188; Sternlieb v. Normandie Nat. Securities Corp., 263 N. Y. 245).
There is little reason to believe that the permanency or happiness of a marriage bears any relation to the amount spent on the wedding. Clergy and sociologists have voiced well-founded criticism of large and lavish weddings (see Business Week, June 2, 1962, p. 50). A parent can be more liberal in spending his own money for a wedding than a court in approving the use of a minor’s money. Frequently, few of the guests are personal friends of the bride and groom; the majority are usually of the parents’ generation. Their gifts, although substantial and of benefit to the bride, should not be viewed as a quid pro quo. Prodigal wedding parties are at best a haphazard way of obtaining home furnishings.
It is easier to justify expenditure of a minor’s capital for furniture, clothing and other necessities than for food, liquor and music at an elaborate wedding reception. Except under extraordinary circumstances this court will not approve wedding costs in excess of $1,500. In order to save embarrassment to the parties, guardians would be well advised to procure court approval of proposed expenditures prior to entering into definite commitments.