Alexander Vitale, J.
This action was submitted for decision by the court, upon an agreed state of facts. In substance they are: The defendant, in September, 1962, being then 19 years of *222 age, entered into a contract with the plaintiff, a duly licensed employment agency. The plaintiff obtained employment for the defendant, who found the job unsatisfactory, and resigned after one month. By registered mail notice to the plaintiff, in November, 1962, the defendant disaffirmed the contract of September, 1962. The fee due plaintiff was $146.25. Defendant paid $45 on account. The balance due is $101.25, for which plaintiff demands judgment.
The law takes cognizance of the infant’s lack of business experience and judgment by cloaking him with an inability to contract, except as to express exceptions, created, or recognized by statute. However, infants’ contracts are not thereby generally considered void, but merely voidable. (Williston, Contracts [3d ed.], § 226.) The contract being valid until dis-affirmed by the infant, it becomes necessary to determine, if notice of disaffirmance was sufficiently given, and if so, whether it effectively terminated the defendant’s contractual liability to the plaintiff.
The notice given to the plaintiff by the defendant, exceeds the standards usually applied to such acts, in that it was promptly given, was actually received, and was given during the infant’s minority. The question of whether or not the disaffirmance was required to be accompanied by a tender of the consideration, received by the infant from the plaintiff, need not be considered. Aside from it’s intangibility, and the fact that the infant does not seek affirmative relief, the defendant, before disaffirmance, left the position secured for her by the plaintiff.
The contract between these parties, represented an agreement by the plaintiff to secure employment for the defendant, and a promise on her part to pay for this service.
A contract of this nature has not been made the subject of a statutory exception, to the right to disaffirm inherent, generally, in infants contracts. The Legislature has seen fit to do so, in other situations wherein it is customary, under present business practices, for infants to contract. For example, an infant, over 16, may not disaffirm, upon the ground of infancy, an agreement extending credit to him for an educational loan. (Education Law, § 281.) Similarly, he may not, on that ground, and if over 18, avoid a real property mortgage on premises occupied as a home. (General Obligations Law, § 3-101.) The latter statute by subdivision 1 thereof, withdraws from infants the right to disaffirm, if the contract was made in connection with a business, in which the infant was engaged. It cannot be held, as urged by the plaintiff, that the employment which defendant pursued constituted the conduct of a business. The terms must be given *223 their ordinary connotations. An employee is generally regarded as a person who works for a business, not as an independent contractor dealing with the employing entity.
An infant may not, however, disaffirm contracts for necessaries. (Uniform Commercial Code, § 1-103, as successor provision to Personal Property Law, § 83.) Even here, the phrase necessaries, does not possess a fixed interpretation, but must be measured against both the infants standard of living, and the ability and willingness of his guardian, if he has one, to supply the needed services or articles. These elements are not present in the facts before the court, and they may not be presumed. (Potter v. Thomas, 164 N. Y. S. 923 [App. Term, 1st Dept.].)
It well may be that upon a full presentation of the facts, as to the infant’s need to work, in order to support himself, and possibly his children, an employment agency contract of this nature, may be regarded as one of the necessaries contemplated by the statutory exception, but such finding cannot be made upon the stipulated facts.
Plaintiff as a licensed employment agency, was required to charge not more than a prescribed fee, to permit the defendant to pay it in not less than three equal installments, and not sooner than at the end of the first three-pay periods following commencement of the employment. Whether these, and the other provisions of the General Business Law, regulating employment agencies, are sufficient to protect the infant against an inopportune bargain, so as to exclude these contracts from the general principles of law applicable to infants, is a matter for legislative decision rather than judicial interpretation.
Accordingly it is held that under the submitted facts, the infant properly disaffirmed the contract upon which suit is brought, by reason of her infancy. (Sternlieb v. Normandie Nat. Securities Corp., 263 N. Y. 245.) Judgment is awarded to the defendant dismissing the complaint.