**Alicia T. LEVIN, as Administratrix of the Estate of Robert H. Levin, Deceased, Plaintiffs,**

v.

**UNITED AIR LINES, INC., Vickers Armstrong, Inc., British Aircraft Corp. (USA) Inc., British Aircraft Ltd., Vickers Armstrongs (Aircraft) Ltd., Vickers Armstrongs Limited, Defendants.**

No. 65 Civ. 1278.

United States District Court
S. D. New York.

Nov. 6, 1967.

Milton G. Sincoff, Kreindler & Kreindler, New York City, for plaintiff.

## MEMORANDUM OPINION AND ORDER ON PETITION FOR LEAVE TO WITHDRAW INTEREST

MOTLEY, District Judge.

Petitioner, Alicia T. Levin, has petitioned this court for an order permitting her to withdraw, from time to time in her discretion, the interest (amounting to approximately $4,320.00 per year) on funds deposited in several savings banks for the benefit of petitioner's two infant children, Mark and Julie Levin.

The corpus of these funds for each child is $43,263.52. These funds were created as a result of an action brought by petitioner in this court as administratrix of the estate of her deceased husband, Robert H. Levin, who was killed in an airplane crash in 1964.

The administratrix's action was settled by order of this court for $162,500.00. The order of settlement, entered October 20, 1965, directed that the award to each child of $43,263.00 be deposited in five savings banks in the City of New York. Alicia T. Levin also received an award of $43,263.00 under the order of settlement.

Alicia T. Levin has remarried since the entry of the order and is now known as Alicia T. Silverstein.

There was deposited in each of five savings banks $8,652.70 for each child in the name of petitioner, as guardian ad litum for each infant, jointly with an officer of each bank. The order of settlement further provided that these funds shall not be withdrawn, without the prior approval of this court, during the minority of said infants.

Petitioner now petitions this court for an order permitting her to withdraw the interest annually, without further order of this court, in order to pay for special expenses of each child, such as dental bills, private school, and music lessons.

This court, deeming the petition insufficient, ordered a hearing on the petition. At the hearing, the only specific expense referred to by petitioner was an estimated bill for $2,000 for dental work for Mark Levin. This dental work is not yet completed. No proof of this cost was offered in the manner required for the proof of any facts upon a hearing. No affidavits have been submitted showing the actual cost or estimated cost of the dental work or the actual or estimated cost of any other necessity for either Mark Levin or Julie Levin. The verified petition makes no specific allegation regarding any expense.

This court cannot, under the facts shown in the petition or on the hearing, grant the petitioner's request.

Rule 21 of the General Rules of this court provides that the proceeding upon an action to compromise or settle an action brought by or on behalf of an infant shall conform, "as nearly as may be" to the New York laws, but that the court, for cause shown, may dispense with any New York State requirement. However, in addition, Rule 21 provides that, "The court shall order the balance of the proceeds of the recovery or settlement to be distributed as it deems may best protect the interest of the infant or incompetent". The law in the State of New York, as exemplified by Section 1206 of the Civil Practice Law and Rules and also by Section 2220 of the Surrogate's Court Procedure Act, does not sanction the granting of applications for interest or principal withdrawals as a mere matter of routine. This court is of the view that, as a general matter, the distribution of the proceeds from the settlement of an action brought by or on behalf of an infant should be harmonized as much as possible with the rules of New York State. Generally speaking, when an infant obtains recovery in a civil action and that recovery is ordered deposited in a savings bank and maintained for the infant until he reaches his majority, courts have a duty to safeguard that fund and should not without a proper showing grant leave to withdraw either principal or interest.

Propelled by a sensitive awareness of the existence of an infant's funds, a guardian may be tempted to discover ex-

penses which his own prudence would, except for the existence of the fund, avoid or meet by some other route. And, of course, each judge is moved by the pleas of a guardian who wants to help his ward, but this sympathy must not allow judges, or guardians, to lose sight of the legal restrictions upon expenditure of funds belonging to an infant.

■ In a proper case, such as where the infant is suffering or may suffer an injurious deprivation or where there is a significant benefit to be derived that outweighs the disadvantage to the infant caused by the accumulating withdrawals of his future resources, the fund may be whittled away. However, in speaking thus, the court is stating the exception and not the rule.

■ This court is of the opinion that this petitioner has not made a proper showing of the necessity for withdrawal of interest. Petitioner has not properly verified the extent of the dental services rendered or to be rendered. Petitioner has not placed before this court any proper evidentiary showing of the present financial condition of petitioner or the projected future income of herself and family or the extent of the savings of Alicia Levin, or Alicia Silverstein. Financial need must be shown. Furthermore, this court is reluctant to approve annual withdrawals of interest without a proper annual showing. Such a showing annually is required to protect the interest of the child. In requesting this showing the court is mindful that the proceeds here are settlements of claims arising out of an action for the wrongful death of the infants' father and that to that extent the recovery represents sums which the father would have expended for the childrens' benefit. Even so, this court must be careful that the resources of these infants are not wasted or spent at every opportunity.

The petition is denied with leave to renew the application upon a proper showing of the guardian's financial status and the inability of the family to pay for the welfare of the two infants. For guidelines in showing need, see In re Anonymous, 44 Misc.2d 38, 252 N.Y.S.2d 946 (Surr.Ct.1964); Milne v. State, 43 N.Y.S.2d 355 (Ct.Cl.1943); Application of Stackpole, 9 Misc.2d 922, 168 N.Y.S.2d 495 (Munic.Ct.N.Y.City 1957); Galvin v. Feehan, 10 Misc.2d 835, 170 N.Y.S.2d 54 (N.Y.City Ct.1957); Petition of Groom, 203 Misc. 574, 116 N.Y.S.2d 454 (County Ct.1952).