Sewell v. Sewell, &c.

CASE 91—PETITION  EQUITY—JANUARY 21.

# Sewell v. Sewell, &c.

### APPEAL FROM BREATHITT CIRCUIT COURT.

1. THE DEED OF AN INFANT MARRIED WOMAN MAY BE AVOIDED BY HER upon the ground of her infancy, and she is not estopped by the fact that she appeared to be, and the purchaser acted under the belief that she was, of full age.

2. THE PROVISION IN AN ABSOLUTE CONVEYANCE TO AN INFANT CONFERRING UPON HIM THE POWER TO SELL implies only the power to sell when the disability of infancy is removed. Therefore, a clause in a deed to an infant married woman giving her the right to sell "by her husband uniting with her," does not remove the disability of either infancy or coverture, and she can convey only in the same manner as if that provision had been omitted.

3. WHERE THE HUSBAND UNITES WITH THE WIFE IN A CONVEYANCE OF HER LAND, in which he has an interest contingent upon his surviving her, his contingent interest passes to the grantee, although the wife may, as to her interest, avoid the conveyance upon the ground of her infancy.

4. RENTS AND IMPROVEMENTS.—Where an infant married woman avoids her deed upon the ground of infancy she should be required to account for the purchase money with interest to the extent she has received the benefits thereof, and where the grantee has made valuable improvements they may be set off against the rental value of the land, but the grantor can not be required to account for improvements exceeding the rental value.

WM. LINDSAY FOR APPELLANT.

1. The power given to appellant to sell with consent of her husband was not intended to remove the disability of infancy.

2. The so-called contract was highly prejudicial to Mrs. Sewell. Therefore, inasmuch as she was an infant, the presumption is it was procured by fraud. (Middleton v. Hoge, 5 Bush, 487; Bransom v. Thompson, 81 Ky., 887.)

3. There is no presumption of ratification unless there be evidence of some act done with the deliberate purpose of assuming a liability the infant knows he is discharged from by law, and it must not be under compulsion and to the adverse party or agent. (Petty v. Roberts, 7 Bush, 417).

4 The doctrine of ratification by, or the doing of acts constituting an estoppel upon, an infant married woman, after arriving at full age, is discussed and established in Bull v. Sevier, 88 Ky., 515.

Sewell v. Sewell, &c.

5. As to the general doctrine in connection with lapse of time and implied acquiescence see Hoffert v. Miller, 86 Ky., 572.

6. In no event can the grantor be required to account for improvements beyond the rental value.

J. B. WHITE, RIDDELL & SON, THOMAS H. HINES FOR APPEL-LEES.

1. Appellees have the right to show that appellant did not own the land, notwithstanding the deed to her, for they were no parties to the conveyance to her, any more than her husband's creditors, who could have subjected the land for his debts by showing that he paid for it. (Goins v. Allen, 4 Bush, 610; Edwards v. Ballard, 14 B. M., 290; Tharp v. Tharp's Adm'r, 3 Met., 873.)

Purchasers indeed have a higher equity than creditors. (Enders v. Williams, 1 Met., 351; Lewis v. Love's Heirs, 2 B. M., 347.)

2. As the deed to appellant gave her the power to sell the land by her husband uniting with her in the deed, she will not now be heard to say that the sale and conveyance by her and her husband did not pass the title. (Talbott's Ex'r v. Bell's Heirs, 5 B. M., 323; Young v. Young, 1 Mar., 562; Connolly v. Branstler, 3 Bush, 702.)

3. No relief will be given where the disability of coverture or of infancy has been fraudulently concealed. (Story's Eq. Jur., vol 1, sec. 385; 7 Bush, 298; Petty v. Roberts, 7 Bush, 410; 10 Bush, 32; 5 Dana, 196.)

4. An infant can not, after arriving at age, disaffirm his contract and recover back property transferred without restoring the consideration received, except where he has lost, wasted or squandered it during his infancy. (Petty v. Roberts, 7 Bush, 417; 2 Kent, sec. 240; 1 Story on Contracts, sec. 72.)

5. When an infant conveys land the disaffirmance of the deed to authorize a recovery of the purchaser must be done within three years after coming of age. (Gen. Stats., chap. 71, art. 1, sec. 2; Hoffert v. Miller, 86 Ky., 577; Keil v. Healey, 25 Am. Rep., 436; Goodnow v. Empire Lumber Co., 47 Am. Rep., 798.)

Knowingly suffering the grantee to make valuable improvements amounts to a ratification. (Bigelow v. Kinney, 21 Am. Dec., 593.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In October of the year 1881, Thomas Sewell, who was the grandfather of Thomas Sewell, Jr., the latter being the husband of the appellant, conveyed to the appellant a large tract of land lying in the county of Breathitt. The consideration was five hundred dollars paid, and that of love and affection.

It was provided by the deed that in the event the appellant, the wife, did not dispose of the land, it was to pass or descend to her husband at her death, with the further proviso: "But nothing is to prevent her selling said land if she so desire, and by her husband uniting with her."

On the 24th of February, 1882, about five months after the land had been conveyed to the appellant, the wife of Thomas Sewell, Jr., her husband sold it to William Day for $1,900. Five hundred dollars was paid in cash, and notes executed to the husband for the balance, and those notes he sold and appropriated the proceeds to his own use.

The husband of the appellant was a lawless man, and had been convicted of manslaughter and his confinement fixed in the State prison for ten years. The grantee in the deed was the surety of the husband of the appellant on his bail-bond. The verdict of manslaughter was set aside and the husband left to convert the property of the wife to his own use, and this he seems to have done. It appears that the wife received but little, if any, benefit from the proceeds of sale.

It is evident that the reckless character of the husband of appellant induced the grandfather to make this conveyance to the wife, in order that she might have a support for herself and children. The condition of the husband and the circumstances surrounding the family was a sufficient inducement to the grandfather to secure something to this appellant and her children. She swears that she was compelled by her husband to execute the deed to Day, and while this does not affect the question involved, there is but little doubt that such was the case.

This petition was filed against the heirs of Day, who are appellees here, alleging this fraudulent conduct on the part of the husband, and that at the date of the deed to Day, she was only nineteen years of age, and therefore incapacitated from executing the conveyance. Her petition was dismissed. There is no question as to the infancy of Mrs. Sewell when she signed the conveyance, and the only question presented is: Has she the right to rely on her infancy as a ground for cancelling the deed? Of this we have no doubt. She made no representation as to her age, but when in the coercive power of her husband was compelled to execute it. If, however, she voluntarily signed the conveyance, still her infancy authorized the Chancellor to cancel it. She was at the time a *feme covert* with two children, and her marital relation and condition might have authorized the ancestor of the appellees to believe that she was of full age, but if such a defense is availing the plea of infancy could scarcely be interposed as a defense. She is not estopped by the fact that she appeared of full age, and the grantor labored under this belief when he purchased the land.

It was held in Buchanan v. Hubbard, 96 Ind., 1, that a married woman laboring under the disabilities of both infancy and coverture might at any time during coverture disaffirm the deed made when an infant, and that her coverture, with her appearance indicating that she had arrived at majority, constituted no defense.

But, it is said, the clause in the deed giving the wife the right to sell by the husband uniting with her conferred on the wife the power to convey, although an infant, and in the exercise of this power the deed was signed by the wife and delivered. That an infant may have the power

conferred on him by a grant to convey will not be doubted, but where the infant is invested with the title by a plain deed the power to sell, if conferred, implies only the right to sell when the law enables him to make title, and that can be done when the disability is removed. We know of no rule of law where an absolute conveyance to the infant of the estate and the title will authorize the grantor to remove the disability of infancy and authorize the infant to trade as an adult.

In this case the conveyance is to a married woman, but it provides that nothing shall prevent her from selling by the husband uniting with her. This provision does not remove the disability of either infancy or coverture, and she could convey only in the same manner as if that provision in the deed had been omitted. We have a statute authorizing and designating the manner in which married women shall convey land, but it will not be insisted that the disability of infancy is removed because the grantor was a married woman and the statute authorized married women to convey. This clause in the deed by the grandfather was not intended to enlarge the capacity of the wife to convey, but left her as the deed found her, laboring under the disability of infancy, and any conveyance made by her while an infant she can disaffirm. The conveyance should, therefore, be set aside on equitable grounds in so far as it affects the appellant, but as to the husband, who is a defendant to the action, his title, although contingent upon his surviving his wife, passes by the conveyance. It is not the question of the alleged fraud on the part of the grantee that induces the Chancellor to grant the relief, but it arises from the inability of the married woman, who was an infant, to dispose of her estate. It appears

that the appellant received but little, if any, benefit from the sale of the land.

Her pleadings in the first instance admitted five hundred dollars, and this she should be held to account for with the interest. The appellees, or their ancestor, have made valuable improvements on the land, but not exceeding the value of the rent, and if they did the Chancellor could not make the appellant account exceeding the rental value of the land. This we think is the equity of this case. The land is liable for the five hundred dollars with the interest from the date of the deed, but for no more. There will be no account taken of rents and improvements, but a judgment entered restoring to the appellant the possession, leaving the appellees as heirs at law of Day the title that the husband of the appellant has. If he survives the wife they get the land, as his right is purely contingent.

Judgment reversed and remanded for proceedings consistent with this opinion.