## Goff v. Murphy, et al.

(Decided May 8, 1913.)

### Appeal from Pike Circuit Court.

1. Infants—When Estopped to Rely Upon Infancy—Conveyance by Infants.—An infant who represents himself to be of age and thus procures another to pay him money and accept a deed for property, is estopped to rely on his infancy in avoidance of the contract, where it was fairly made and upon an adequate consideration.

2. Finding of Chancellor—Adequacy of Consideration—Evidence.— On the question of the adequacy of the consideration the court will not disturb the finding of the chancellor where the evidence is conflicting and the mind is left in doubt as to the truth.

AUXIER, HARMAN & FRANCIS and SHEPPARD, GOODY, KOONTZ & SCHERR for appellant.

JAMES GOBLE and M. C. KIRK for appellees.

OPINION   THE COURT BY   CHIEF JUSTICE HOBSON—
Affirming.

John B. Goff owned at his death ten tracts of land in Pike County, all aggregating something over 5,000 acres. He left surviving him seven children. One of his children, J. D. Goff, conveyed to his wife, Cora Goff one half of his interest in the land. The deed was not re-

corded, and three or four months later he and she united in a deed to his sister Dixie Murphy, by which they conveyed to her his entire interest in the land for $500, one half of which was paid to him and one half to his wife, Cora Goff. This deed was made in the year 1905. This suit was brought by her on March 2, 1909 against Mrs. Murphy to cancel the deed on the ground that she was an infant when she executed it and that the deed was obtained by fraud and duress. Mrs. Murphy in defense of the suit traversed the allegations of the petition, and pleaded that Cora Goff represented herself to be of age when the deed was made and by means of this representation obtained from her the money paid for the land. This allegation was denied by a reply which also alleged that the land was conveyed for a grossly inadequate price. Proof was taken and on final hearing the circuit court dismissed the plaintiff's petition. She appeals.

We do not find in the record any evidence that the deed was obtained by fraud or duress. Mrs. Goff testifies that her husband compelled her to sign the deed, but there was nothing to connect Mrs. Murphy with this or to charge her with notice of it. In fact Mrs. Goff's testimony as to what took place between her and her husband is incompetent. The proof as to Mrs. Goff's exact age is by no means conclusive. The deed was made in March, 1905. She testified that she was born in August, 1884, and if she is correct she lacked some months of being twenty-one years of age when the deed was made. But no one who really knew her exact age was introduced. Her stepfather was introduced but he knew nothing about her age except what he had learned from his wife after their marriage. He introduced as a part of his testimony a record which he made in a new testament. But this record he testified he had made ten or twelve years before he gave his deposition, and he made it on information he had received. This was not a co-temporaneous record and as it was not made by one who knew anything about the facts, adds little to the strength of the plaintiff's case. But passing this we think the evidence satisfactorily shows that Mrs. Goff represented herself to be of age when the deed was made and by means of this representation secured the payment to her of one-half the consideration. We have held in a long line of cases that an infant representing himself to be of age, and thus securing the price of property, is estopped to set up his infancy against the pur-

chaser, whom he has thus misled, where the contract was fairly made and the consideration adequate. (County Board of Education v. Hensley, 147 Ky., 441 and cases cited). The plaintiff introduced several witnesses who testified that they knew the value of such lands at the time they testified, and from the valuation they fixed, it would appear that the consideration for the deed was very inadequate; but on the other hand it is shown by the proof for the defendant that at that time a part of the land was in litigation, and other parts of it had been sold for taxes, and bought by the State and that several of the other children of the deceased had sold or were offering to sell their interest in the estate for $500. The plaintiff's husband began the negotiation by offering to sell the property for $500, and several witnesses acquainted with the property and with local values at that time testify that $500 was a fair price for the property under existing conditions. It is a matter of common knowledge that the value of coal land in that part of the State has advanced greatly in the last six or eight years. We give some weight to the finding of the chancellor on questions of fact, and we do not disturb his finding where on the whole case, the mind is left in doubt as to the truth. This rule should be applied especially to the chancellor's finding on questions of the value of land at a given time; for this depends often on local conditions, and he is better qualified than we are to judge of the weight to which the testimony of the different witnesses is entitled on a subject like this. On the whole case we cannot say that the chancellor erred in holding that the contract was fairly made and for an adequate consideration.

Judgment affirmed.