## Sudduth, et al. v. Rowland.

(Decided April 28, 1915.)

### Appeal from Bourbon Circuit Court.

1. Infants—Judicial Sales—Sale of Infant's Land—When Void.—A court of equity is without power to sell an infant's land, except in the manner provided by statute; and a sale made without statutory authority is void.

2. Infants—Judicial Sales—Estoppel.—Where an infant after he became of age collected his part of the purchase money arising

from a void judicial sale of his interest in land which he allowed the grantee to hold for many years, without asserting any claim thereto, he was estopped to claim any interest in the land.

HARMON STITT and BRADLEY & BRADLEY for appellants.

TALBOTT & WHITLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

In 1872, Levi G. Sudduth, of Bourbon County, died, leaving a widow, Fannie J. Sudduth, and Mollie Barlow, Lizzie A. Foreman, Belle Sudduth and W. W. Sudduth as his only children and heirs-at-law. In the settlement of Levi Sudduth's estate, a tract of land containing one hundred acres, was allotted to Fannie J. Sudduth, the widow, as dower.

In 1874, Fannie J. Sudduth, the widow, married James E. Rowland.

In 1881, the widow, Mrs. Fannie J. Rowland, formerly Sudduth, brought an action in the Bourbon Circuit Court, joining with her one of the remaindermen who was then of age, against the infant remaindermen, for a sale of the dower tract and a reinvestment of the proceeds. The infant defendants were brought before the court; and proof having been taken showing the advisability of the sale, judgment was entered directing a sale for the purpose of re-investing the proceeds.

The judgment directed the commissioner to first offer the fee simple title, including the right of possession; that he should then offer the estate in remainder, separate from the life estate of the widow; and that he should accept the bid which would give the infants the most money for their respective interests The judgment also placed an up-set price of $40.00 per acre upon the remainder interest.

The property was advertised in accordance with the judgment, and the highest offer for the fee simple title having been $50.00 per acre, and the highest offer for the remainder estate having been $40.00 per acre, the remainder interest of the infants was sold, Mrs. Rowland, the plaintiff, becoming the purchaser thereof.

The sale was confirmed, and Mrs. Rowland paid into court the $4,000.00 purchase money. Instead of re-investing the proceeds, however, the $1,000.00 due each

infant, less his proportionate share of the costs, was paid to his guardian.

By her second marriage Mrs. Rowland had two children, Allen C. Rowland and Joel C. Rowland. Claiming to be the owner of the hundred-acre dower tract in fee, Mrs. Fannie J. Rowland conveyed said tract to her two sons, Allen C. and Joel C. Rowland, on March 2nd, 1912. She died in 1913, and the Sudduth children having asserted a claim, as remaindermen, to the hundred-acre dower tract, Allen C. Rowland brought this action on April 18th, 1913, against his brother Joel C. Rowland, who declined to join as plaintiff, and the children of Levi G. Sudduth, for the purpose of quieting his title to an undivided one-half interest in the dower tract.

The defendants answered, claiming that the sale of the remainder interest in 1882, to their mother, was void, because the court had no jurisdiction to sell less than the entire estate in the dower tract; and further, because the proceeds of the sale had never been re-invested, as required by the statute and the judgment in the case.

The plaintiff replied that the Sudduth heirs were estopped to claim any title in the dower tract, because they had ratified the sale by receiving the proceeds thereof after they had become 21 years of age; and, further, that their claim was barred by limitation.

The court granted the relief sought, and quieted plaintiff's title. The Sudduth heirs appeal.

As to the defendant, William Lee Foreman, who is a son of Mrs. Lizzie A. Foreman, it is sufficient to say that his mother executed a quit-claim deed to the property after she became 21 years of age, thereby fully and formally ratifying the sale, and parted with any interest she might have had in the land in question.

And, as to the defendants, J. Allison Barlow and his sister, Eleanor Barlow Ryne, it is sufficient to say that their mother, who was a daughter of Levi Sudduth, was 21 years of age when the suit of Rowland V. Foreman was filed in 1881, seeking a sale of the land, and that she united as a party plaintiff in that action, and collected her portion of the purchase money.

Belle Sudduth died in infancy about 25 years ago, unmarried, and after her guardian had collected her share of the purchase money.

So, it remains only to consider the claim of W. W. Sudduth, who was the youngest child of Levi G. Sud-

duth, and an infant at the time of the judicial sale of 1882; and, under our view of the case, it is necessary to consider only the plea of estoppel urged against W. W. Sudduth, since the decision of that question will fully dispose of his claim, and make it unnecessary to consider the validity of the sale.

W. W. Sudduth was born on November 18th, 1865, and consequently attained his majority on November 18th 1886. The estate of William W. Sudduth seems to have been well handled by his guardians. H. T. Paton, his first guardian, received $1,000.00, less one-fourth of the costs, as W. W. Sudduth's share of the proceeds of the sale; and this amount and its increase is fully accounted for in his settlement. Paton was succeeded by Lucas as guardian of W. W. Sudduth, and Lucas' settlement shows that on November 19th, 1886, the day after Sudduth reached his majority, Lucas paid him $400.00 as shown by one voucher, and the further sum of $1,000.00 as shown by another voucher. Lucas made his final settlement in December of that year, which showed he owed Sudduth a balance of $471.65, and this amount he paid Sudduth on December 24th, 1886. So, it appears that after Sudduth attained his majority, he received from his guardians $1,871.65 in full of the balance that was due him from all sources, including the $1,000.00 that had been received from the sale of the dower tract in 1882. He acquiesced in the settlement, and retained this money for 27 years, before he asserted any claim to the dower tract.

This case comes squarely within the rule laid down in Williams v. Mann, 134 Ky., 63. In that case, instead of selling the land subject to the life-estate of the father of the infants, as directed by the judgment, the commissioner sold an undivided three-fifths interest of the land absolutely, and the court divided the purchase money between the three infant children. The sale in that case was made under section 490 of the Civil Code of Practice; and, after pointing out that the power of the court to sell the land of an infant was wholly statutory; that the chancellor is without power to sell an infant's land except as is provided by the statute; and that a sale without jurisdiction is void, the court said:

"The court was without jurisdiction under this statute to sell three-fifths of the property or to sell the whole property subject to the life estate of A. H. Wil-

liamson. The statute contemplates a sale of the property. There was no effort in the proceeding to conform to the provision of any other section of the Code. No bond was executed to the infants as provided by section 493. The commissioner was without authority even under the judgment to sell three-fifths of the land, and it cannot be told from the record, except by bare conjecture, that the interest of the infant defendants in the land was sold at all. We, therefore, conclude that the sale was void, and passed to Dr. Floyd no title to the land as against the infant defendants except Bruce Williamson. After he was of age, he collected his part of the purchase money, and, after he was of age, he allowed a deed to be made to Dr. Floyd for the land. He allowed Dr. Floyd to hold it as his own for many years without asserting any claim to it, and it has now passed into the hands of an innocent purchaser. Under the facts, he is estopped to claim any interest in the land, but the other two plaintiffs, Adelina and Carter, who were infants at the time, are entitled to recover their interest in it.''

Appellant relies upon Hoffert v. Miller, 86 Ky., 572, and that class of cases, which hold that some kind of an overt act is necessary to be made during infancy, and that mere acquiescence and retention of a consideration received during infancy will not amount to an estoppel.

But that doctrine is not applicable under the facts of this case, since the appellant Sudduth did not receive this money during his infancy, but after he had attained his majority. It is not, therefore, a case of mere acquiescence during infancy, but a case of affirmative acts after the infant had reached his majority.

Judgment affirmed.