## Adkins v. Adkins, et al.

(Decided March 21, 1919.)

## Appeal from Pike Circuit Court.

1. Appeal and Error—Finding of Chancellor.—In an equity case, where the proof is conflicting and upon the whole case the mind is left in doubt as to the truth of the matter, the chancellor's judgment will not be disturbed on appeal. But in this case, where plaintiff seeks a cancellation of the deed upon the ground that he was an infant at the time it was executed, and the preponderance of the testimony shows that he was twenty-one years of age at that time, the judgment of the chancellor so holding will be upheld.

2. Infants—Estoppel as Applied to Infants.—The doctrine of estoppel applies to infants the same as to adults; and where one appears to be and represents himself as being twenty-one years of age, and induces another in good faith to believe him of age and to purchase his land, the infant will be estopped from relying upon his infancy to defeat the deed.

W. K. STEELE for appellant.

AUXIER, HARMAN & FRANCIS for W. D. Blair and W. P. McVey.

J. S. CLINE (for William Benge) for appellees.

J. F. BUTLER for Whetsel and Angie Adkins.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Orange Adkins, is one of seven heirs of Henry Elza Adkins, who died intestate, a resident of Pike county in 1895, according to the allegations of the petition, but according to the testimony he died in April, 1894. At the time of his death he owned a tract of land in that county containing about 65 acres.

On December 31, 1912, plaintiff executed to his brother, Whetsel Adkins and wife, Angie Adkins, a deed to a one-seventh undivided interest in that tract which he inherited upon the death of his father. Afterward the mineral rights in the tract were sold by Whetsel Adkins and wife to others, and this suit was filed by plaintiff against his brother and wife and the ones to whom they had sold the minerals, seeking a cancellation of the deed which plaintiff had executed to his brother on March 31, 1912; also a cancellation of the deed to the minerals

which his brother and wife had executed, upon the ground that at the time he executed his deed to the brother and his wife he was an infant under twenty-one years of age. In addition, he charged that the deed was procured from him by threats, persuasion, and by his brother overreaching him. He furthermore alleged that the consideration was inadequate.

Answers filed by the defendants put in issue the grounds relied upon in the petition, and in addition pleaded an estoppel against plaintiff's right to the relief which he sought. The case was prepared and submitted, when the court dismissed the petition, and complaining of that judgment plaintiff prosecutes this appeal.

It is conceded by all witnesses that plaintiff was born on the 29th of September, either in the year 1891 or 1892. There was no family bible in which the record of the births of their children was kept by plaintiff's parents, but there was a record made upon a sheet of blank paper which was preserved by being placed in a book and kept in a trunk. Some years before the execution of the deed in question that paper, being much worn, was copied by a young lady in the neighborhood at the instance of plaintiff's mother, upon which occasion the original record appears to have been destroyed. The young lady who made the copy is dead. Neither side introduced or offered to introduce the copy made by her, nor was there any objection to parol testimony concerning its contents or appearance.

The contract for the conveyance of plaintiff's one-seventh interest in the land was made about a year before the execution of his deed, at which time he was paid five-sevenths of the consideration and agreed to execute a deed when he became twenty-one years of age. The brother who purchased plaintiff's interest did not know his own age, or that of plaintiff, both of them relying upon the copied record in the possession of their mother. A shortwhile before the deed was made plaintiff informed his brother, the defendant, that he was then twenty-one years of age, and was prepared to execute the deed, stating that the record in possession of his mother showed him to be of age; he and his brother examined the record and found it to be true that he was born on the 29th of September, 1891. After that time the deed was executed and the balance of the consideration was paid. Plaintiff does not deny these facts, but now claims that

the record had been changed by erasing the figure 2 in the date and substituting therefor the figure 1, so as to make it appear that he was born in the year 1891, when in truth he was born in the year 1892, as he insists the record originally showed.

Plaintiff, his sister, and his brother-in-law, testified that according to their belief a change had been made in the copied record. The sister is not positive that such change had been made, but she and her husband intimate that if it had been made it was done by plaintiff in order to facilitate the collection of the balance of the purchase price agreed to be paid for the land. This insinuation is not denied by the plaintiff. On the other hand, plaintiff's mother testified that he was born on September 29, 1891. She further testified that plaintiff was next to the youngest child; that her youngest is plaintiff's sister, Lora, who is one year, eleven months and twenty days younger than plaintiff, making her birthday September 19, 1893; that the daughter Lora was eight months old at the time of the death of her father.

A witness by the name of Leslie was introduced by defendants, and he testified that he made the coffin in which plaintiff's father was buried; that he made an entry of the date upon which he did that work in a book which he produced and it showed that it occurred in April, 1894, but the day of the month had become so dim he could scarcely read it, but to the best of his recollection it was the 16th of April.

The facts as testified to by the mother concerning the age of her youngest child at the time of her husband's death, and the difference between the age of that child and the age of plaintiff is nowhere disputed by any witness.

It is shown by defendant in his testimony that his and plaintiff's father executed a certain deed on October 6, 1893, and that he died in the spring following the execution of that deed, which would make his death occur in the spring of 1894. If the youngest child was eight months old at that time, and she was one year, eleven months and twenty days younger than plaintiff, it would necessarily follow that the year of plaintiff's birth was 1891, the month and day of the month upon which he was born not being disputed.

Both the mother and defendant deny that any change in the record containing the date of plaintiff's birth was ever made, and defendant says that at the time he accepted the deed and paid the balance of the purchase money he in good faith believed that plaintiff was at that time past twenty-one years of age, although there is testimony to the effect that he had stated that he did not believe plaintiff was twenty-one years of age at that time, which statement he denied. In addition, it appears that plaintiff is married; that he voted in general elections before he executed the deed, and otherwise acted in the community as though he were an adult. From the testimony as we have briefly related it, the chancellor found that plaintiff was twenty-one years of age at the time he executed the deed in question, and therefore dismissed the petition, which judgment we think finds abundant support from the testimony. To say the least of it, in cases of this kind we are not authorized to reverse the finding of the chancellor unless it be against the preponderance of the evidence.

Even if there were a doubt in our minds as to the truth of the matter, it would be our duty to give weight to the finding of the chancellor, since his presumed acquaintance with the parties and knowledge of their surroundings would better qualify him to weigh the testimony and determine the facts than this court would be from a mere reading of the record.

However, were we of a different opinion as to plaintiff's age at the time he executed the deed which he seeks to cancel, we think the facts are sufficient to estop him from insisting upon the fact of his infancy as a ground for cancelling it. This court has uniformly adhered to the rule that the doctrine of estoppel operates against infants the same as against adults; that they are no more privileged to practice fraud upon innocent persons and reap the reward of their misrepresentations than is an adult, and where one deals with them under the bona fide belief that they are twenty-one years of age, and the infant so represents himself to be, he will be bound by his representations. County Board of Education v. Hensley, 147 Ky. 441; Ingram v. Ison, 26 Ky. Law Rep. 48; Turner v. Stewart, 149 Ky. 15, and Smith v. Cole, 148 Ky. 138.

In this case, as we have seen, plaintiff represented himself to be twenty-one years of age, claiming to have

obtained that information from the copy of the record of his birth in the possession of his mother; he went with the defendant to examine that paper and his representation was found to be true. He had the appearance of being twenty-one year of age, and had exercised the rights of citizenship allowed only to an adult. Because of such appearances and representations defendant was induced to part with the balance of the consideration agreed to be paid for the land, and plaintiff will not now be allowed, after having spent it and rendered himself unable to return it, to come into a court of equity and cancel his deed, although he was not twenty-one years of age at the time he executed it.

There is no testimony to support the charge of inadequacy of consideration; nor is there any to establish fraud or misconduct on the part of defendant in procuring the deed, and we conclude that the trial court was correct in dismissing the petition.

Wherefore the judgment is affirmed.