## Mitchell v. Swartz.

(Decided March 10, 1925.)

### Appeal from Montgomery Circuit Court.

1. **Infants—Evidence Held to Establish Plaintiff's Minority at Time of Execution of Deed.**—Evidence held to establish plaintiff's minority at time of execution of deed.

2. **Infants—Grantee Held Not Entitled to Rely on Estoppel Based on Minor's Misrepresentation of Age.**—Grantee held not entitled to rely on estoppel based on minor grantor's misrepresentation of age, where grantee, as the wife of grantor's foster father, sustained a confidential relationship to plaintiff, and could not have been deceived by the misrepresentation, and she procured the land for a mere pittance.

3. **Infants—Tender of Consideration for Deed with Interest by One Seeking to Cancel it on Attaining Majority Held Fair and Equitable.**—Tender of consideration for deed with interest by one seeking to cancel it on attaining majority held fair and equitable.

S. JEWELL RICE and HENRY WATSON for appellant.

CHAS. D. GRUBBS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In the year 1898 John Mitchell killed his wife, Margaret. For this homicide he was tried and sentenced to the penitentiary and died there. They were very poor and their two children, Seth and John William, were left without aid or protection.

A neighbor, Joe Swartz, took them to his home and cared for them. His wife became very much attached to them. She was the owner of two small residences in Mt. Sterling, which by will she devised to her husband for life with the remainder to these children.

She died in 1906, and in December, 1907, Joe Swartz married the appellee, Minnie Swartz. The children remained members of the household for several years afterward. In October, 1916, Minnie Swartz purchased of the younger son, John William Mitchell, his interest in the remainder of the property in question for the sum of $50.00.

In December following she purchased that of his brother, Seth, in consideration of the sum of $50.00 and the assumption of a mortgage of $60.00, which she paid.

Joe Swartz died in January, 1919. Since then Minnie has been in possession of the property. She occupies two rooms and rents the remainder for $18.00 per month, the entire rental value being from $250.00 to $275.00 per annum.

In February, 1919, John William Mitchell tendered Minnie Swartz the amount of the consideration she had paid him for his share, with interest to that date, and asked a cancellation of the deed he had made, on the ground that he was an infant at the time of its execution and that the transaction was a loan of money secured by mortgage and not a purchase of the land. She declined to do so and this suit resulted. The chancellor rendered judgment for the defendant and plaintiff appeals.

The Mitchell family had no family bible, and there is no record of the birth of these children. Not even a school census has been introduced. A certified copy of the indictment against John Mitchell is in evidence. It was returned September 8, 1898, and charges the homicide to have been committed on September 6, 1898.

An old colored woman testifies that she remembers the time of the homicide; that she and Margaret Mitchell had been out gathering greens; that Seth was a little tot running around, while John Mitchell was carried by his mother on her hip, not being large enough to sit alone.

Another witness says that he was present after the homicide and that John William Mitchell was then a small infant under the age of one year. There is no evidence in contradiction of this except it is shown that appellant registered as a voter on October 2, 1917, a year after the execution of the deed. He admits registering but says he was not sworn and that he did not vote that year. Also a purported copy of an industrial insurance policy upon the life of John William Mitchell has been filed in evidence, this policy being payable to Joe Swartz. It is dated December, 1914, and is endorsed that his next birthday is twenty, but it contains no application and is not identified in any other way and John Mitchell denies that he ever heard of it.

Defendant has no direct knowledge of his age, but says that when she married in December, 1907, he looked to be about 3½ feet high and about five or six years of age, which would make him younger than he claims, so that upon the weight of the evidence we must conclude

that he was an infant at the time of the execution of the deed.

Appellee relies chiefly on an estoppel. In this respect both she and her attorney testify that appellant represented to them that he would be of age October 2, 1916. He visited the attorney to ascertain about the execution of the deed, and told him about his age, and the attorney advised the parties to wait until he became of age and then draw the deed in accordance with his suggestion. He looked to be of age and was doing business for himself and both attorney and client believed that he was so.

Appellant denies this, but we have no reason to question the accuracy of the memory or the statements of the honorable attorney, and have no doubt that the transaction occurred as he states, and in the most perfect good faith on his part. If the appellee had no more information on the subject than the attorney and the consideration had been adequate the plea of estoppel should be upheld. County Board of Education v. Hensley, 147 Ky. 441; Adkins v. Adkins, 183 Ky. 662; Asher v. Bennett, 143 Ky. 361; Young v. Daniel, 201 Ky. 65.

But in considering this question we must not overlook the confidential relation existing between the parties. Appellee was not a resident of Mt. Sterling at the time of this child's birth and did not know his age, but she became a member of the family in December, 1907, at a time when she herself says this child looked to be about five or six years of age and about 3½ feet in height, and he lived in her family for eight or nine years. Her husband was familiar with the child's history back prior to the time of the homicide, and was in a situation to learn his exact age. Not only that but she secured for $50.00 his one-half remainder interest in property having a rental value of from $250.00 to $275.00 per annum.

It cannot be said that this was a fair and adequate consideration for a foster parent to pay for this property, even if the infant had at the time arrived at his majority.

It further appears that within two or three months after the execution of the deed by John Mitchell appellee purchased the interest of his brother Seth, who was admittedly twenty-one years of age, the consideration for this being $110.00, $50.00 in cash and $60.00 in the assumption of a mortgage on the property.

Appellee asserts that the payment of this mortgage

was also a part of the consideration in the John Mitchell deed, but in this she is not sustained by the evidence.

She testifies that some years previous the boys engaged in a mercantile business, which proved a failure. That to secure funds for that purpose Joe Swartz, his wife and both boys executed a mortgage on the land in question. John Mitchell denies that he had any interest in that business, but admits working for his brother, and also admits signing the mortgage in question. It was for $100.00 and shows a credit of $40.00 and that it was settled in December, 1916.

The deed from Seth Mitchell to appellee states the assumption of this mortgage by the grantee as a part of the consideration of purchase. No such consideration appears in the conveyance from John William Mitchell. No doubt it was paid in accordance with the provisions in the deed to Seth.

Admittedly appellant was an infant at the time the store was being run and no one contradicts his statement that he was working for Seth. Evidently he misrepresented his age to the attorney, but appellee could not have been deceived thereby or have relied thereon. She was the wife of his foster father and the one to whom he was intrusted in his infancy, and the one at least partially responsible for his training. With such knowledge on her part as to his age, she procured from him at the earliest opportunity the property that his former foster mother had given him, and according to her statement she gave for this a mere pittance, less than one-half of the annual rental value of the share she was purchasing. Certainly she is not in an attitude to plead or rely upon an estoppel. The plaintiff tenders the consideration received with interest. This is fair and equitable and on this condition the deed should be cancelled.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.