## Burk, et al. v. Moore.

(Decided May 12, 1925.)

### Appeal from Pike Circuit Court.

1. Infants—Married Women, who were Mothers and Made Affidavit that they were of Age, Held Estopped from Repudiating Conveyance Because of Infancy, and Subsequent Purchasers from them Acquired no Title.—Where infant grantors were married and mothers of several children and looked mature, and purchaser acted in good faith and in reliance on affidavit of infants and their mother, stating that they were of age, held that grantors were estopped from relying on their infancy to repudiate conveyances, and subsequent purchasers of land from infants, obtained nothing by such purchase, as they only acquired such rights as infants had.

2. Acknowledgment—Acknowledgment of Deed to Kentucky Lands Before Virginia Justice of the Peace Void.—Under Ky. Stats., section 502, an acknowledgment of deed for land in Kentucky, before a justice of the peace in Virginia, was void, and deed was not recordable, and was in legal effect simply an unacknowledged instrument.

3. Husband and Wife—Improperly Acknowledged Deed and Subsequent Title Bond, Issued Jointly by Husband and Wife, Held to Constitute Contract for Sale of Land Binding on Wife.—Though deed executed by wife, and acknowledged before justice of the peace in Virginia, was void under Ky. Stats., sections 502, 2129, where husband joined in such deed and also in a title bond issued by them jointly to same purchaser, held that, under section 2128, such instruments together constituted a contract to convey land, binding on wife.

4. Parties—Permitting Petition of Intervention to be Filed on Condition that it Stand Controverted Not Abuse of Discretion.—Where

only question of law was presented by petition for intervention, court did not abuse its discretion in permitting petition to be filed on condition that it stand controverted, and there was no abuse of discretion in submitting case, where no motion made for continuance or for further time to take proof.

5. Partition—Purchaser of Children's Interest in Homestead Held Not Guilty of Laches in Enforcing Rights Under Deed.—One purchasing interest of some of infant children in homestead, and recording such deeds, was not guilty of laches in waiting until youngest child became of age before bringing suit to enforce his rights as against subsequent purchasers of same land, since infant children were entitled to possession of homestead, and all had constructive if not actual notice.

6. Dower—Widow's Dower Right Before Assignment is Mere Right of Action—Sale of Dower Right in Homestead Before Assigned to Widow Passed Nothing to Stranger to Title.—Widow's right to dower, before dower is assigned her, is a mere right of action, and sale by her of dower right to homestead to one who was a stranger to title, except to extent of an undivided interest which he acquired in homestead by purchase from some of children, passed nothing to purchaser.

PICKLESIMER & STEELE for appellants.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Marshall Osborn died in February, 1902, the owner of a tract of land in Pike county, containing about sixty acres on which he resided. He left a widow and eight children. On October 18, 1902, John Moore bought the interest of Viola Belcher, a daughter. She and her husband then executed to him a deed therefor. On the same day the widow executed to him a deed for her dower interest in the land, but no dower had been assigned to her. In this trade Moore also bought the interest of Mary Bryant, another daughter, but before the deeds were executed some question arose whether Viola and Mary, although both were married and had children, were of age. The school trustee informed Moore that they were not of age. Thereupon he went to see the family. The mother and Viola said that Viola was of age and that Mary would not be of age for about fifteen months. Thereupon the mother and Viola made an affidavit that Viola was of age; the deed was executed and accepted and the purchase money was paid. On April 4, 1904,

Mary and her husband executed a deed to John Moore, Mary and her mother both making an affidavit that she was then of age. John Moore accepted the deed and paid the purchase money. On December 30, 1910, Mary and her husband executed a deed to Milliard Burk and J. S. Cline for her interest in the land, and on January 25, 1911, Viola and her husband executed a deed to them for her interest in the land, claiming that the two married women were not of age when the deeds to Moore were executed.

On August 28, 1902, Mollie Bryant and Sarah Bryant, two of the daughters of Marshall Osborn, sold by title bond their interest in the land, their husbands joining in the execution of the title bond, which recites that the purchase money was then paid and it was recorded. On November 20, 1902, the wives and their husbands executed to John Moore a deed for their interest in the land which was acknowledged before a justice of the peace in Virginia and recorded in Pike county.

Marshall Osborn left several children who were not of age and resided with their mother when these transactions occurred. John Moore took possession of the land, but on the petition of the infants by their guardian it was held that the infants were entitled to the land as a homestead and he was required to surrender possession to the guardian by a judgment of the Pike circuit court, entered February 15, 1907. The tract of land was then worth less than a thousand dollars. Thus things stood. Three of the other children after they became of age conveyed their interest in the land to Burk and Cline. Hannah Osborn, the youngest child, became of age in 1922 and on May 3, 1923, John Moore brought this action against Burk, Cline and Hannah Osborn, alleging that he was the owner of one-half the land and of the widow's dower in all of it, and praying a division of the property. Burk and Cline filed answers setting up their purchase of the land as above stated and alleging that Viola Belcher and Mary Bryant were infants when they executed the deeds to Moore and had exercised their option to avoid these deeds by conveying the land to them. Mollie Bryant and Sarah Bryant filed their intervening petition, claiming their interest in the land on the ground that the deed executed by them was not acknowledged as required by law and was void. On final hearing the circuit court adjudged John Moore the owner of four-eighths of the land, but refused to adjudge to him the

dower interest of the widow, who has married again and is living in West Virginia. From this judgment Burk and Cline, Mollie Bryant and Sarah Bryant appeal and John Moore prosecutes a cross-appeal.

There is nothing in the record to show bad faith on the part of John Moore in purchasing the interest of Viola Belcher and Mary Osborn. He purchased upon the faith of the affidavits then made by the mother and the daughters as to their ages. They were both married, the mothers of several children, and both looked that old. It is the well settled law in this state that an infant is estopped to rely upon his infancy against one whom he has misled in this way. Looney v. Consolidation Coal Co., 195 Ky. 198, and cases cited. Burk and Cline purchased from the infants, and only acquired by their purchase such rights as the infants then had. As the infants were estopped to set up any title to the land against Moore, Burk and Cline obtained nothing by their purchase.

A justice of the peace in Virginia was not authorized by law to take the acknowledgment to a deed for land in Kentucky, Ky. Stats., section 502. The acknowledgment of the deed before the justice of the peace was therefore void. The deed was not recordable and was in legal effect simply an unacknowledged instrument. Under the statute in force prior to the act of March 15, 1894, such deeds were void as to married women, Francis v. Rose, 141 Ky. 645. But these deeds were made in 1902 or nine years after the act of 1894 took effect; that act provides that a married woman may make contracts as a single woman, except that she may not make any executory contract to sell or convey her real estate unless her husband join in such contract. Ky. Stats., section 2128, and it is further provided that they may sell and convey her land, but the conveyance must be acknowledged and recorded in the manner required by the chapter on conveyances, Ky. Stats., section 2129. The deed was not acknowledged as required by the chapter on conveyances and is not therefore a valid deed; but the husband did join in the title bond and also joined in the deed, which was never acknowledged properly. These papers constitute a contract in which the husband joined to convey the land, and the contract is binding on the wife as the husband joined in it. The court, therefore, properly held these instruments valid as a contract to convey and properly directed a deed to be made to John Moore pursuant to the contract.

The court did not abuse a sound discretion in permitting the petition of Mollie Bryant and Sarah Bryant to be filed on condition that it stand controverted and no motion was made for a continuance or for further time to take proof. Only a question of law was presented and there was no abuse of discretion in submitting the case. In fact we do not find in the record any objection to the submission of the case.

There is in the record no fact going to show laches on the part of John Moore. The land was a homestead; the infant children were entitled to the possession of the homestead. The youngest child did not become of age until shortly before the suit was brought; his deeds were all of record and nobody was misled, for they all had constructive if not actual notice of the facts.

The rule in Kentucky is that the widow's right to dower before dower is assigned her is a mere right of action and that a sale of it passes nothing to the purchaser. An exception to this rule exists where she conveys to the owner of the fee or to a party in possession or in privity of the estate from which it accrues and not to a stranger. Consolidation Coal Co. v. Grayson, 186 Ky. 314. But John Moore was a stranger to the title except to the extent of the undivided interest which he acquired. The circuit court, therefore, did not err in adjudging John Moore the owner of only an undivided one-half interest in the land.

Judgment affirmed on the original and on the cross appeal.