# Elkhorn Coal Corporation v. Tackett et al.

(Decided Dec. 20, 1935.)

J. WOODFORD HOWARD, W. PORTER MAYO and EDWARD C. O'REAR for appellant.

JOHN W. CAUDILL for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This is a suit begun by Anna Tackett, and Rosa Tackett and their husbands for partition of a tract of land that formerly belonged to Mahala Caudill and the allotment to each of them of one-tenth thereof. From a judgment according to the plaintiffs the relief they sought, the Elkhorn Coal Corporation alone has appealed.

September 9, 1892, Mahala Caudill, then domiciled in Knott county, departed this life intestate survived by her husband, Wilson Caudill, and one son, Wilburn, Caudill and nine daughters, as her heirs at law. All of these girls later married. Rhoda married Maryland Tackett. Nancy married W. B. Mullins. Hannah married Andrew Johnson. Susan married Abel Tackett. Rebecca married William Tackett. Flora married Ben. Caudill. Anna married Enos Tackett. Minda married Dock Thornsberry. Rosa married Ellis Tackett.

Of these, Rebecca Tackett died intestate some years after Mrs. Caudill and was survived by her husband,

William Tackett, and by her only daughter, Mary Alice Tackett, born about 1896, as her heir at law. Wilson Caudill died while this suit was pending. About half of these children were infants when Mahala Caudill died, but the age of only two of them is of importance in this controversy. Anna Tackett was born January 16, 1895, and before she became of age she married her coplaintiff, Enos Tackett, and is still his wife. Rosa Tackett was born January 5, 1892, and during her minority married her coplaintiff, Ellis Tackett, and has since been his wife.

About the year 1900 and after the death of Mahala Caudill, three men (her surviving husband, Wilson Caudill, together with Maryland Tackett, the husband of Rhoda Tackett, and W. B. Mullins, the husband of Nancy Mullins) made a fireside division of this tract of land. Many of these children were then infants and Mr. Mullins was the guardian of some of them. He testifies the land was fairly and equally divided and that after the division, and as an additional precaution, they cast lots to determine which child should get each particular piece and it was so allotted, but we note the perversity of fate was such that the size of the lots seemingly varied inversely with the helplessness of the child and Nancy Mullins and Rhoda Tackett drew the lots with buildings on them. This division was not reduced to writing or signed by any one, hence it was a nullity. Woodbeck v. Wilders, 18 Cal. 131; Fox v. Succession of Broussard, 161 La. 949, 109 So. 773; White v. O'Bannon, 86 Ky. 93, 5 S. W. 346, 9 Ky. Law Rep. 334. And as against these who were then infants, an ownership by adverse possession cannot be acquired by possession of a particular tract under it during their minority.

At once they began to trade and traffic in this land, and despite the fact that she was a child and Mr. Mullins was her guardian, he traded with Rosa (Caudill then, but now the wife of Ellis Tackett) as though she were mature, an utter stranger, and stood at arm's length, and he testifies that in 1906 or 1907, she being then fourteen or fifteen, he bought her interest and she gave him a bond for a deed which he has lost, and that on April 13, 1911, she and her husband made him a deed. Rosa was then nineteen and her husband eighteen years of age.

Maryland Tackett was but little less active than his brother-in-law, Mullins, and March 10, 1900, he took from Anna Caudill (then fifteen years of age) and from Flora Caudill, also an infant, a title bond for their interests in this Mahala Caudill farm. On December 28, 1903, he and his wife, Rhoda Caudill Tackett, conveyed the surface of this land to Rosa Caudill Cook (a first cousin of these Caudill children).

Rosa Caudill Cook thereafter died intestate, survived by her husband, Jerry Cook, and her five children, Leland, Carlisle, John M., Frank, and Mary, as her only heirs at law, the last three were infants when this suit was filed.

On September 18, 1914, the whole of this Mahala Caudill tract was claimed by Nancy Mullins, W. B. Mullins, the infant Mary Alice Tackett, the Cook family, Wilburn Caudill, and Sarah Caudill, the last named was not one of the children of Mahala Caudill, but was a relative and claimed by purchase the interest of Flora Caudill, such a deed being filed in this record. Thus we have two claimants of Flora Caudill's interest, Sarah Caudill and the Cook family.

On September 18, 1914, Anna Tackett and Rosa Tackett with their husbands filed suit for partition, alleging the above claimants owned eight-tenths of this tract, made them defendants, and asked that one-tenth of this tract of land be allotted to Rosa Tackett and one-tenth to Anna Tackett.

A guardian ad litem was appointed for the infants on November 20, 1914.

Measured by section 499 of the Civil Code of Practice, this petition was quite defective, but the defendants and interveners cured many of these defects.

The original defendants answered and denied the ownership by either of the plaintiffs of any interest in this land, asserted ownership in W. B. Mullins and Nancy Mullins of all of it except one tract which they asserted belonged to the Cooks. They filed no title papers and made no other claim to title than to assert title in themselves by adverse possession, and this adverse possession was denied by reply. Four years later the guardian ad litem for the infants adopted this same defense.

## The Interveners.

On August 19, 1915, the Elkhorn Fuel Company filed petition to be made a party defendant and asserted title in itself and the Beaver Creek Consolidated Coal Company to appurtenant minerals and title in the defendants to the surface, and the last-named coal company did the same. Neither filed any title papers. Plaintiffs filed denials.

While this litigation was pending and after intervening as above, on December 1, 1915, a deed was made by what is described in the caption as the Elk Horn Coal Company to the Elkhorn Coal Corporation, but this paper is signed and acknowledged by the Elk Horn Fuel Company, so we assume the name as given in the caption is a clerical error. On April 26, 1920, the Beaver Creek Consolidated Coal Company executed a deed to the Elkhorn Coal Corporation, and on May 16, 1928, the latter company was allowed to intervene as a defendant and it asserted title to the minerals and divers rights appurtenant to this Mahala Caudill property, and adopted the pleadings as to the surface that had been filed by the original defendants. By agreement, all pleadings were controverted of record. On March 23, 1934, almost twenty years after they had begun their efforts for partition, the court directed that one-tenth of this Mahala Caudill tract be allotted to Anna Tackett and one-tenth to Rosa Tackett. Many things contributed to the slow progress of this case through the court, among which we may mention the coming of the World's War, the witnesses were widely scattered, the disqualification of the regular judge with the resulting necessity of having a special judge appointed, and the loss at one time of the papers.

## The War With the Interveners.

This was the real contest and it so overshadowed the struggle with the original defendants that it and they were in a sense forgotten. We think it appropriate at this point to quote from an opinion of this court delivered ninety-seven years ago in Myers v. Sanders' Heirs, 7 Dana (37 Ky.) 506:

"The right of an infant to avoid his deed is an absolute and uncontrollable privilege, founded upon an incapacity, conclusively fixed by the law, to bind himself absolutely by deed, or to pass an inde-

feasible title. These principles are irreversibly fixed by the law, and it enforces them without enquiry into particular circumstances and without regard to consequences. It must do so in order to maintain them. * * * Infancy is not, like fraud, a circumstance wholly extraneous from the title. The deed shows who the grantor is; the purchaser knows that an infant grantor cannot pass an indefeasible title; he is bound to know the identity of the person who assumes to convey the title; and it is not an unreasonable requisition, that he shall know whether the grantor, under whom he claims title, is under incapacity or not. In this view of the subject, no purchaser under an infant's deed, is innocent, in the eye of the law, until the title has been confirmed by the matured consent of the grantor.''

Upon this statement there has been no improvement and from it there has been no departure. There is no such person as an innocent successor in title to property conveyed by a minor during his minority if no deceit is practiced by the infant. Nothing less than an express or implied ratification by the former minor, after attaining his majority, affords any protection to any grantee no matter how remote he may be, who is holding under a deed made by such minor during his minority.

The Elkhorn Coal Corporation claims the minerals and rights appurtenant to the interest of Rosa Tackett in this Mahala Caudill property under a deed made by her to W. B. Mullins on April 13, 1911, when she was nineteen years of age, and claims minerals and rights appurtenant to Anna Tackett's interest under a bond for a deed made by her to Maryland Tackett on March 10, 1900, when she was fifteen years of age, and under certain acts and omissions of these two which we shall now discuss, separately, of course, for the acts of one are not binding on the other. We will preface our discussion by saying that the first contracts for the purchase of these minerals and appurtenant rights were made in the year 1902 and that the matter was held up and the deals were not finally closed until December 24th in the year 1903, when the deal with Maryland Tackett was closed, and until September 12, 1911, when the deal with W. B. Mullins was closed, and that wit-

nesses for these interveners testify that the closing of these deals was held up because of the minority of some of the parties whose interests were proposed to be conveyed and the evidence shows these interveners then had in their files and possession memoranda of such nonage.

## Claims as to Rosa Tackett.

As ratification of the deed of April 13, 1911, the Elkhorn Coal Corporation relies upon the signature alleged to have been made by mark by Rosa Tackett and her husband to a quitclaim deed to W. B. Mullins. This paper is dated May 1, 1910, and attempts to quitclaim to W. B. Mullins all interest in certain property described as situated in Knott county on Rock Lick branch of Right Beaver creek *"and being the same land described in a certain deed of conveyance from W. B. Mullins and Nancy Mullins, to Gibson Coal & Coke Company of date 1st day of May, 1910,"* etc. It looks a little unusual that when she was eighteen and her husband was seventeen, Rosa Tackett and he should execute a deed in 1910 to ratify a deed they were going to make the 13th of the following April, but this gives us some aid in the discovery of the truth. It will be noted from matter italicized above that the property quitclaimed was described as the property W. B. Mullins had conveyed on May 1, 1910. We are sure he had prepared such a conveyance on that date, but the representative of the Gibson Coal & Coke Company wanted some protection against the claims of these infants. Mr. James Salisbury, its agent, prepared this quitclaim deed and sent Mr. Nolte out with it to procure signatures to it. Mr. Nolte testifies he took the acknowledgement of some one to it, who was introduced to him by W. B. Mullins as Rosa Tackett, that he did not know her age, and nothing was said about her age. Anyway this deal of May 1, 1910, did not go through.

Mr. Mullins' deed of May 1, 1910, was apparently declined, and later he made another deed dated August 1, 1911, and acknowledged September 12, 1911. So we can dismiss the quitclaim of May 1, 1910, with the above comment and the further comment that one deed voidable for infancy of the grantor when made is not ratified by the execution of another voidable for the same reason.

### Estoppel as to Rosa Tackett.

They allege Rosa Tackett is estopped to claim her interest in this property because the Gibson Coal & Coke Company notified her in 1909, when she was seventeen years old, that it was going to buy this property from Mullins and she took no steps to prevent it.

To sustain this plea would introduce a very dangerous novelty into our jurisprudence. If A coveted the property of C, a minor, all A would have to do would be to induce B to procure a deed from C, then A could notify C he proposed to buy this property from B and thus, according to appellant's contention, acquire a perfect title to C's property. That would never do.

### The Deed of 1915.

This deed, if in fact ever executed, was executed while this suit was pending, and we cannot better describe it than to reproduce it bad spelling and all:

"This canveyan made entered in two by and between Ellis Tackett and Rosy Tackett of Melvin, Floyd County, Ky. and W. B. Mullins of Dema, Po. Knott, C. Ky. party of the first part sell and convey to W. B. Mullins, party of the second part a surten track or parsel of land lying on Rock Branch in Knott Co. Ky. being the same land that Rosy Tackett arad of Mahaly Caudill Deceased, that Rosy Tackett sold to W. B. Mullins, Bounded as follows, beginning at the creek at J. Hall line; thence with same with Jo Hall line to opisit the forks of branch, thence a cros the same to Richard Hall line, thence with the same Richard Hall line to Andy Caudill line, thence with same to Creake then with creak to the beginnen so as to includ all my interest in said land I bind myself to make to W. B. Mullins a good dead

her<br>
"Rosy X Tackett<br>
mark<br>
his<br>
"Ellis X Tackett<br>
mark

"Witness, Will Tackett.
"Alis Tackett."

If the execution of this paper were established, it would inure to the benefit of the Elkhorn Coal Corporation. See Piney Oil & Gas. Co. v. Scott, 258 Ky. 51, 79 S. W. (2d) 394, headnote 14.

It is claimed Will Tackett and the defendant Mary Alice Tackett (Alis Tackett) witnessed the execution of this document. The latter does not testify and Will Tackett testifies Rosa Tackett did not sign this paper; that she refused in his presence to sign it; and that afterwards Mullins presented this paper to him at the home of the witness and asked him to sign it as a witness and he and his daughter, Mary Alice Tackett, signed it as witnesses and Rosa Tackett was not present.

There is no evidence she acknowledged this signature before these alleged witnesses or asked them to sign as witnesses.

Rosa Tackett testifies she refused to sign this paper and did not sign it. So the reliance placed on this paper as a ratification of the deed of April 13, 1911, must fall for failure to establish the execution of it, and thus the last reliance of the Elkhorn Coal Corporation is gone and we find no error in the judgment in favor of Rosa Tackett.

### Claims as to Anna Tackett.

As ratification of the title bond given by Anna Tackett (then Anna Caudill) to Maryland Tackett on March 10, 1900, when she was fifteen years old, the Elkhorn Coal Corporation relies upon her and her husband having joined with Maryland Tackett et al. in a deed to the Northern Coal & Coke Company on December 24, 1903. Anna Tackett was then eighteen years of age, and as stated above, we cannot see how one act voidable for infancy is bettered by another also done in infancy.

The Elkhorn Coal Corporation for ratification of the above-mentioned bond and deed made by Anna Tackett during her infancy relies upon the signature of Anna Tackett and her husband, Enos Tackett, made after she was of age to the quitclaim deed written by James Salisbury, dated May 1, 1910, and executed to W. B. Mullins. We have already discussed that in connection with the Rosa Tackett branch of this case. It purported to quitclaim all interest in property con-

veyed by W. B. Mullins on May 1, 1910, but such a conveyance is not in this record and apparently was never completed.

Moreover, the Elkhorn Coal Corporation does not claim to have acquired the interest of Anna Tackett in this property through W. B. Mullins, and a quitclaim deed to Mullins would not be a ratification of the bond she had executed to Maryland Tackett on March 10, 1900, or the deed dated June 17, 1903, to the Northern Coal & Coke Company in which she and others joined with Maryland Tackett on December 24, 1903, and besides this quitclaim deed also contains this limitation: "This only includes land of Minda and Rosa Caudill part of the estate of Mahala Caudill." We are unable to find in this quitclaim deed any ratification of any deeds Anna Tackett had made.

### Asserted Estoppel of Anna.

The Elkhorn Coal Corporation pleaded that on December 24, 1903, it notified Anna Tackett it was purchasing from Maryland Tackett the land she had conveyed him on March 10, 1900, when she was alleged to have been fifteen years of age and she then took no steps to avoid it, but, on the contrary, represented she was twenty-one years of age and joined Maryland Tackett in a conveyance on that date.

What we have already said in regard to the alleged estoppel of Rosa Tackett applies in part and hence we do not repeat it, but we have the additional estoppel based upon the claim that she then said she was twenty-one and this alleged misrepresentation of age which we must consider.

### Infant's Misrepresentation of Age.

In Wilson's Guardian v. Wilson, 50 S. W. 260, 20 Ky. Law Rep. 1971, we held that an infant was not estopped by such a misrepresentation even when solemnly inserted in a deed.

In Workman v. Harold, 2 S. W. 679, 8 Ky. Law Rep. 605, Mrs. Harold (then an infant) on September 26, 1854, joined with her husband in a conveyance of her property to Workman. The husband died in 1882, and in 1884 she sued to recover, she was successful, and we affirmed the judgment.

In Sewell v. Sewell, 92 Ky. 500, 18 S. W. 162, 17 Ky. Law Rep. 1069, 36 Am. St. Rep. 606, Mrs. Sewell, though a married woman with two children, was but nineteen when she executed a deed. Later she sought recovery of her land, was unsuccessful, and we reversed the judgment.

On the other hand, we held in Schmitheimer v. Eiseman, 70 Ky. (7 Bush) 298, that a woman was estopped to disaffirm her deed made during her infancy where she and her husband had made oath that she was of age and thereby induced him to accept their deed.

To same effect is Damron v. Com., 110 Ky. 268, 61 S. W. 459, 22 Ky. Law Rep. 1717, 96 Am. St. Rep. 453; Ingram v. Ison, 80 S. W. 787, 26 Ky. Law Rep. 48; Edgar v. Gertison (Ky.) 112 S. W. 831; Turner v. Stewart, 149 Ky. 15, 147 S. W. 772; Goff v. Murphy, 153 Ky. 634, 156 S. W. 95; Adkins v. Adkins, 183 Ky. 662, 210 S. W. 462; Burk v. Moore, 209 Ky. 24, 272 S. W. 38; and Looney v. Elkhorn L. & I. Co., 195 Ky. 198, 242 S. W. 27.

At first blush it might appear these decisions are irreconcilable, but a more careful examination of them will show they can be reconciled. In the first cases there were either no representations made or else they were made to parties who knew the facts.

The Northern Coal & Coke Company knew the facts in this case. It knew Anna Tackett was an infant and because thereof it had notified her it proposed to buy this land from her grantee, Maryland Tackett, hoping thereby to create some sort of an estoppel so it is confronted with another line of cases wherein it is held that an infant is not estopped to disaffirm a deed made during infancy where the grantee knew or ought to have known the facts. See Mitchell v. Swartz, 207 Ky. 780, 270 S. W. 22; New Domain Oil & Gas Co. v. McKinney, 188 Ky. 183, 221 S. W. 245; Asher v. Bennett, 143 Ky. 361, 136 S. W. 879. See 31 C. J. p. 1006, sec. 35.

The record shows Anna Tackett obtained nothing by signing this deed on December 24, 1903. For the purpose of trial, it was admitted that certain statements be treated as the evidence of Rosa and Anna Tackett and this is taken therefrom:

"Each of said witnesses further state that on December 24th, 1903, they were present when Anna

Tackett and others executed a mineral deed to the Northern Coal & Coke Co. at which time A. L. Martin, the witness for defendants, was present and he stated before Anna Tackett signed said deed that it only conveyed the interest of Rhoda Tackett, a wife of Maryland Tackett and sister to Anna Tackett in her mother's farm described in the petition. Anna told A. L. Martin that neither she nor her husband, Ellis Tackett were of age and he said it did not make any difference as it was only a quit-claim to Rhoda's part. Anna Tackett says she believed and relied upon what Martin told her and signed the deed and would not have signed it had I known that it conveyed any interest of mine in my mother's farm. I could not read and the deed was not read to me. A. L. Martin assured me in the presence of Abel Tackett and Will Tackett that it only conveyed Rhoda's part before I would sign the deed. Each and all of said witnesses says that Anna Tackett at the time she signed the deed or at any other time stated that she was 21 years of age; that neither Martin nor the Northern Coal & Coke Company, nor did she ever get anything for her interest in her mother's land." (Evidently there is an omission in this last sentence.)

The court did not err in holding Anna Tackett was not estopped.

### Did They Sue in Time.

The first evidence we have that either of these women were dissatisfied with what they had done and wished to disaffirm their acts was the institution of this suit for partition on September 18, 1914, which was one year, eight months, and thirteen days after Rosa became twenty-one, and three years, five months, and five days after the making of the deed she seeks to disaffirm.

As to Anna, this suit was begun eight years, eight months, and two days after she became twenty-one, it was ten years, eight months, and twenty-four days after she had signed the deed to the Northern Coal & Coke Company, and fourteen years, six months, and eight days after she had executed her title bond to Maryland Tackett pursuant to which she joined with him in the deed to the Northern Coal & Coke Company.

The disaffirmance of a deed is one thing and an action to recover possession of the property that had been conveyed is another. We have frequently written that an infant must disaffirm within a reasonable time after attaining his majority, but our question here is, Did these women unduly defer doing what they have done?

We had such a question before us in Hoffert v. Miller, 86 Ky. 572, 6 S. W. 447, 9 Ky. Law Rep. 732, where Miller was endeavoring to recover property he had conveyed while an infant. He had sued sixteen years, one month, and eight days after the making of the deed and sixteen years and eight days after he became twenty-one. He had recovered in the trial court and in reversing the judgment we said the questions presented had not hitherto been passed on by this court, and we held he had not sued in time and rested the decision on what is now section 2522, Ky. Stats. We have since cited and followed that in these seventeen opinions: Outland v. Vance, 34 S. W. 22, 17 Ky. Law Rep. 1226; Combs v. Noble, 58 S. W. 707, 22 Ky. Law Rep. 736; Ison v. Cornett, 116 Ky. 92, 75 S. W. 204, 25 Ky. Law Rep. 366; Ingram v. Ison, 80 S. W. 787, 26 Ky. Law Rep. 48; Hiles v. Hiles, 82 S. W. 580, 26 Ky. Law Rep. 824; Spicer v. Holbrook, 96 S. W. 571, 29 Ky. Law Rep. 865; Jolly v. Miller, 124 Ky. 100, 98 S. W. 326, 30 Ky. Law Rep. 341; Syck v. Hellier, 140 Ky. 338, 131 S. W. 30; Henson v. Culp, 157 Ky. 442, 163 S. W. 455; Sudduth v. Rowland, 164 Ky. 351, 175 S. W. 646; Justice v. Justice, 170 Ky. 423, 186 S. W. 148; Schlickman v. Dusing, 180 Ky. 506, 203 S. W. 295; Moore v. Hudson, 194 Ky. 725, 240 S. W. 383; Peters v. Noble, 196 Ky. 123, 244 S. W. 416; Brown v. Elk Horn Coal Corp., 225 Ky. 288, 8 S. W. (2d) 404; Martin v. Elkhorn Coal Corp., 227 Ky. 623, 13 S. W. (2d) 780; Walker v. Walker, 253 Ky. 378, 69 S. W. (2d) 716.

Having concluded ten years is the time within which these women may sue, it follows that their suit was brought in time. This conclusion makes it unnecessary for us to consider the effect of their coverture or to reconcile the cases of Brown v. Elk Horn Coal Corp., 225 Ky. 288, 8 S. W. (2d) 404, with Peters v. Noble, 196 Ky. 123, 244 S. W. 416, Workman v. Harold, 2 S. W. 679, 8 Ky. Law Rep. 605, and Moore v. Hudson, 194 Ky. 725, 240 S. W. 383.

Since the Elkhorn Coal Corporation is the sole appellant, we have considered only those questions affecting it, questions affecting the other parties are not before us.

Judgment affirmed, the whole court sitting.